31458. HIGDON v. GATES et al.

INGRAM, Justice.

This is an in rem proceeding "to establish title [to land] and to remove a cloud upon title" brought under Code Ann. §§ 37-1411 through 37-1423 in the Superior Court of Muscogee County. The trial court referred the case to a special master as provided in Code Ann. § 37-1413. After making separate findings of fact and law, the special master determined that the appellees held title to the disputed property. He concluded that appellant's deed to the property should be canceled, appellant's tenants dispossessed, and the rents and profits from the property remitted to appellees. The final decree of the trial court adopted the special master's report and this appeal is from that judgment.

Appellees move to dismiss this appeal for failure of appellant to file any exceptions of law or exceptions of fact

to the special master's report. Appellees argue that if no exceptions are made the findings of the special master become conclusive upon the parties when adopted by the trial court. We disagree and deny the motion to dismiss.

Code Ann. § 37-1416 grants to any party the right to demand a jury trial on any question of facts. Unless a timely demand for a jury trial is filed, the special master decides all questions of law and fact in the case. See *Barrett v. Simmons,* 235 Ga. 600 (221 SE2d 25) (1975) and *Thornton v. Reb Properties, Inc.,* 237 Ga. 59 (226 SE2d 741) (1976). However, there is no transcript of the evidence considered by the special master. Therefore, we cannot review the special master's findings of fact to determine if there is any evidence to support them. Under these circumstances, we must accept as correct the master's findings of fact, and the parties are bound by them on appeal. But, since the statute makes no provision for filing exceptions to the special master's report,[1] the failure to file exceptions is not cause for dismissal of the appeal. We will pass on the merits of the case, but will be limited to a review of the master's conclusions of law based upon his findings of fact. Cf. *Lawhorn v. Steele,* 232 Ga. 857 (209 SE2d 191) (1974), where a transcript of the evidence was available for review on appeal.

The appellant and the appellees' immediate predecessor in title both claim title to the same property conveyed to each of them by a common grantor. Appellant was given a warranty deed and the appellees' predecessor received a security deed. The special master found that appellant's deed was recorded prior to the deed of the appellees' predecessor. However, the special master found that the appellees' predecessor took title under its security deed without actual or constructive notice of appellant's prior recorded warranty deed.

The special master concluded that appellant's deed showed on its face that it was for a consideration in excess of $100. The special master also determined that

---

[1] Cf. Title 10 of the Ga. Code, Auditors, which sets out in detail the procedure for making exceptions of law and exceptions of fact to auditors' reports.

appellant's deed showed on its face that no transfer tax had been paid for it to be recorded. Code Ann. § 92-801 imposes a transfer tax on each deed by which any realty is conveyed "when the consideration or value of the interest or property conveyed (exclusively of the value of any lien or encumbrance existing prior to the sale and not removed thereby) exceeds $100."

Code Ann. § 92-805 provides that no deed of the kind described in § 92-801 shall be filed for record or recorded unless the transfer tax has been paid. Under this section, the clerk's certificate attached or entered upon the recorded deed may be relied upon by subsequent purchasers or lenders that the proper tax has been paid. In the present case, however, no such certificate by the clerk appears on the deed. Instead, the special master found the deed shows on its face both that a transfer tax should have been paid and that none was paid.

Under these circumstances, we find the cases interpreting the predecessors to Code Ann. §§ 29-101 and 29-408 analogous and controlling on this issue. *Citizens Bank of Moultrie v. Taylor*, 169 Ga. 203 (1) (149 SE 861) (1929); *Coniff v. Hunnicutt*, 157 Ga. 823 (1) (122 SE 694) (1924).

The rule we find applicable here is that a deed not properly attested or acknowledged, as required by statute, is ineligible for recording and, even if recorded, does not constitute constructive notice. 8 EGL, Deeds, § 118, p. 566. Applying an analogous rule under Chapter 92-8, Tax on Transfer of Real Property, we agree with the special master's conclusion of law that Higdon's warranty deed was not entitled to be recorded as it showed on its face that it was for a consideration in excess of $100, and also showed on its face that no tax had been paid to entitle it to be recorded. Therefore, the deed could not serve as constructive notice to the appellees' predecessor in title. Since there was no actual notice of the appellant's warranty deed, as between appellant and the appellees' predecessor in title, the latter had priority of title to the disputed property. For this reason, we affirm the trial court's judgment in which the appellant's deed was ordered canceled as a cloud upon the superior title of the appellees.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 23 AND DECEMBER 14, 1976.

*Louis H. Mitchell,* for appellant.
*Forrest L. Champion, Jr.,* for appellees.