## 34888. THOMPSON v. CHEATHAM et al.

BOWLES, Justice.

Appellees (plaintiffs below) brought an action in the Superior Court of Henry County for the purpose of quieting title to a tract of land. Appellant and others were named as defendants, but appellant is the only party who contested the proceedings. A special master was appointed by the court in keeping with Code Ann. § 37-1413. Appellant's answer, as initially filed, requested a jury trial on the fact questions. Later appellant and all plaintiffs, by written stipulation to the court, waived jury trial and agreed to submit all issues for determination by the special master. They also agreed on forms of evidence, times of filing same, limitations on times for taking depositions, filing of interrogatories, and other relevant matters. Both sides introduced evidence in support of their contentions.

The special master entered his findings and report dated May 10, 1978, and served the same on all parties. On May 25, 1978, appellant filed a written demand for trial by a jury as provided in Code Ann. § 37-1416.

On June 12, 1978, the report of the special master was filed with the clerk of Henry Superior Court, and on the same day the judge entered a written decree making the findings of the special master the findings of the court, decreeing title to the disputed lands to be in the heirs of T. C. Kelley, Sr., who were appellees, and ordering cancelled from the records a deed to appellant, as a cloud upon the title to the land involved. The final order was entered by the court without notice to any party, although a copy of the proposed order was served on counsel by the special

master when he delivered a copy of his findings to the judge. No objections to the proposed form, or exceptions to the special master's report, or requests for a hearing were made by appellant.

On August 10, 1978, appellant filed an appeal from the final decree of June 12, 1978. That appeal was dismissed by order of this court as not being timely filed.

Appellant then filed a written motion in the superior court, seeking to set aside the June 12th judgment on the case upon the following ground: "That the said order, judgment, verdict and decree is void having been entered contrary to the applicable provisions of equity and without notice or opportunity for hearing." That motion was denied by the trial court on January 24, 1979, and appellant again appeals.

We affirm.

1. Although appellant properly filed a written request for jury trial prior to the case being heard by the special master[1] he thereafter waived his request in a joint stipulation of all parties, and participated in the hearing of the case before the special master. The special master on his own initiative did not require a jury trial of any question of fact. It is too late for one of the parties to attempt to revoke his waiver of jury trial after the case has been heard by the special master on its merits.

2. Appellant complains that the trial court erred in considering an affidavit executed by the clerk of Henry Superior Court regarding the convening of the April, 1978 term of that court and negativing the fact that any other order existed adjourning that term. It would be entirely proper for the clerk of the superior court, as custodian of its records, to certify what appears or what does not appear upon the minutes of that court. Code Ann. §§ 38-601, 81A-144 (a). The fact that the certification was made by affidavit as opposed to a formal certification by her of the same facts is not error in this case. Compare *Musgrove v. State,* 230 Ga. 46 (195 SE2d 407) (1973). Our courts will take judicial notice of all Acts of the General Assembly,

[1]See *Thornton v. Reb Properties, Inc.,* 237 Ga. 59 (226 SE2d 741) (1976).

Code Ann. § 38-112; *Heard v. Pittard,* 210 Ga. 549 (81 SE2d 799) (1954); *R. G. Foster & Co. v. Fountain,* 216 Ga. 113 (114 SE2d 863) (1960), and the organization and terms of court. *Davis v. Davis,* 218 Ga. 250 (127 SE2d 296) (1962).

The terms of the Superior Court of Henry County are set by statute (Ga. L. 1969, p. 221) and convene on the second, third and fourth Mondays of January, April, July and October. "The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned." Ga. L. 1887, p. 58; Ga. L. 1896, p. 47; Ga. L. 1909, p. 97; Ga. L. 1972, p. 713. Where no order is entered adjourning a term of court, the presumption is that the term continues until the first day of the next regular term. *Mathis v. Crowley,* 146 Ga. 749 (92 SE 213) (1917); *Shivers v. Shivers,* 206 Ga. 552 (57 SE2d 660) (1950). We conclude that with or without the affidavit complained of the judge of the superior court could take judicial notice of whether or not the Superior Court of Henry County was in session on June 12, 1978, or on the day the decree was entered.

3. The proceedings in this court were brought under the provisions of Code Ann. § 37-1411 et seq. The statutes make no provision for filing exceptions to the special master's report. In *Higdon v. Gates,* 238 Ga. 105 (231 SE2d 345) (1977), we held that failure to file exceptions would not be cause for dismissal of an appeal from the final judgment, and concluded that we would pass on the merits of such a case. The merits, however, could be reached by a timely appeal of the final decree entered on June 12, 1978, which was not done. The statute does not require notice to the parties of a hearing before entering a decree following receipt of the special master's report, or upon a jury verdict. We do not here consider whether or not it would be permissible to file exceptions or other motions attacking the special master's report. We conclude that where the only motion made was appellant's appeal for a jury trial on the issues, filed after the special master had heard the case and after movant had specifically waived a jury trial, the trial judge was not required to notify movant before entering a final decree.

4. Appellant's assignment of error that the trial

court erred in failing to set aside the decree which he attacked, and all prior orders in the action because the same were signed by judges who subsequently disqualified themselves is not supported by the record.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED SEPTEMBER 6, 1979.

*John L. Green,* for appellant.
*A. J. Welch, Jr., Rod G. Meadows,* for appellees.