S96G0544. LEEDS BUILDING PRODUCTS, INC. v. SEARS
MORTGAGE CORPORATION et al.
S96G0545. LEEDS BUILDING PRODUCTS, INC. v. WEIBLEN.

(477 SE2d 565)

THOMPSON, Justice.

These consolidated cases are before the Court from the grant of certiorari to the Court of Appeals in *Sears Mtg. Corp. v. Leeds Bldg. Products,* 219 Ga. App. 349 (464 SE2d 907) (1995). We hold that a security deed which has no facial defects as to attestation is entitled to be recorded, and once filed, provides constructive notice to subsequent bona fide purchasers.[1]

Sears Mortgage Corporation and other plaintiffs, including Albert Weiblen (collectively "plaintiffs"), purchased or financed purchases of homes from Peach Communities, Inc. ("Peach"), a residential builder. Peach purchased construction materials on credit from Leeds Building Products, Inc. ("Leeds"), and executed security deeds on each of the properties as collateral for the materials. It is without dispute that the deeds were improperly attested or acknowledged because in each instance the person whose signature appears as the unofficial witness to the instrument never observed Peach's representative sign the deeds. Instead, the witness placed her signature on the instruments after they were actually executed. Leeds' attorney duly recorded the deeds. Because a title search failed to disclose the existence of Leeds' security deeds, they were not satisfied when plaintiffs closed on their respective properties.

After Peach filed a Chapter 7 bankruptcy, Leeds alleged a default by Peach as to the deeds to secure debt, and demanded satisfaction from plaintiffs. The present complaints seeking damages for wrongful declaration of default and attempt to foreclose, fraud, and expenses of litigation, were filed after Leeds stated its intention to

---

[1] In light of our holding, we need not consider whether the 1995 Amendment to OCGA § 44-14-33 (Ga. L. 1995, p. 1076, § 1) is to be applied retroactively to these cases.

foreclose the security deeds if payment in full was not made from the plaintiffs.

The parties in both actions filed cross-motions for summary judgment. The trial court granted summary judgment to Leeds and denied plaintiffs' motions. The Court of Appeals affirmed in part and reversed in part, holding that the trial court correctly found no evidence of fraud,[2] but that the court erred in granting summary judgment to Leeds as to its claim for wrongful foreclosure. In that regard, the Court of Appeals ruled that the deeds were not properly attested or acknowledged, and although recorded and regular on their face, they did not provide constructive notice and lost whatever priority they may have had over plaintiffs' title. *Sears Mtg.*, supra.

1. OCGA § 44-2-1 requires that a deed conveying land be recorded in the office of the clerk of the superior court in which the land is located. "A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed." Id. Thus, the filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property. OCGA § 44-2-2 (b).

OCGA § 44-14-61 requires that a deed to secure debt be attested in the same manner as a mortgage in order for the deed to be eligible for recordation. That is, the instrument must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds, and in the case of real property, it must also be attested or acknowledged by an additional witness. OCGA § 44-14-33. Such interests take effect only from the time they are filed for record in the clerk's office. OCGA § 44-2-2 (b).

This Court has never squarely considered the effect of a recorded instrument which, although defectively acknowledged, shows no such defect on its face. However, our appellate courts have by implication determined that such a deed constitutes constructive notice. See *Glover v. Cox*, 137 Ga. 684 (3) (73 SE 1068) (1912); *Nalley Chevrolet v. Calif. Bank*, 100 Ga. App. 197 (3) (a) (110 SE2d 577) (1959), overruled on other grounds, *Whitehead v. Southern Discount Co.*, 109 Ga. App. 126 (2) (135 SE2d 496) (1964). The substance of the notice required must be sufficient to "place a [person] of ordinary prudence fully upon his guard and induce serious inquiry." *Gardner v. Granniss*, 57 Ga. 539, 557 (10) (1876). "It is the published assertion, and not the truth of it, which constitutes notice. When notice is given,

[2] Affirmance by the Court of Appeals of the trial court's ruling on the absence of fraud is not before this Court. Accordingly, that aspect of the Court of Appeals' decision is affirmed.

then the deed is good for just what it is worth according to the truth of the case." *Johnson v. Johnson*, 184 Ga. 783, 784 (2) (193 SE 345) (1937).

A majority of jurisdictions have recognized that a defect in the acknowledgment of an instrument required for recordation, which is not apparent on the face of the instrument, does not prevent the recordation from providing constructive notice to subsequent bona fide purchasers. See Anno.: Record Notice — Acknowledgment, 59 ALR2d 1316, § 25. This rule comports with Georgia's statutory recording scheme, the purpose of which is to protect third parties acting in good faith and without notice who have acquired an interest in the same property. OCGA § 44-2-2 (b). The majority rule is also consistent with and better serves modern commercial practice. Thus, we conclude that in the absence of fraud, a deed which, on its face, complies with all statutory requirements is entitled to be recorded, and once accepted and filed with the clerk of court for record, provides constructive notice to the world of its existence.

*Higdon v. Gates*, 238 Ga. 105 (231 SE2d 345) (1976), relied upon by the Court of Appeals, is factually distinguishable and does not compel a contrary result. The critical distinction is that the deed in *Higdon* showed on its face that a then necessary transfer tax had not been paid to entitle it to record. The deed, which was facially invalid, did not constitute constructive notice to subsequent purchasers.

To the extent that any former cases imply that a latently defective attestation will destroy the constructive notice of an otherwise properly recorded deed, such cases are expressly overruled and will no longer be followed. See, e.g., *White v. Magarahan*, 87 Ga. 217 (13 SE 509) (1891); *Propes v. Todd*, 89 Ga. App. 308 (79 SE2d 346) (1953), and their progeny.

2. Weiblen is in no better position because he closed on his property after the Leeds deed was filed with the clerk of court, but before the deed was indexed. Under OCGA § 15-6-66, once a deed is filed, the clerk is required to index it on the grantor-grantee index. " '[A] deed takes effect, as against the interests of third persons without notice, from the time it is "filed for record in the clerk's office; . . ." [A]ll that is required of the grantee and all that he can do is to file his deed for record.' " *Willie v. Hines-Yelton Lumber Co.*, 167 Ga. 883, 891 (146 SE 901) (1929).

*Judgments affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*Siegel & Golder, Mark L. Golder, Lynn L. Carroll,* for appellant.

*Glen E. Stinson, Perrie, Buker, Stagg & Jones, Robert E. Stagg, Jr., Robert L. Bunner,* for appellees.

*Kirwan, Parks, Chesin & Remar, Larry H. Chesin, George E. Butler II, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Dodson, Feldman & Dorough, William H. Dodson II, Lamberth, Bonapfel, Cifelli & Stokes, Stuart F. Clayton, Jr., William H. Willson, Jr.,* amici curiae.