**In re Jeremy Bryan BLACKMON, Amanda Jan Blackmon, Debtors.**

**Jerry Farinash, Trustee, Plaintiff,**

v.

**First Union National Bank, Defendant.**

**Bankruptcy No. 01–15633.**

**Adversary No. 02–1054.**

United States Bankruptcy Court, E.D. Tennessee, Southern Division.

Sept. 26, 2002.

Shannon G. Scearce, Kennedy, Koontz & Farinash, Chattanooga, TN, for Jerry Farinash, Trustee.

Cara J. Alday, Patrick, Beard, Schulman & Jacoway, P.C., Chattanooga, TN, for First Union National Bank.

## MEMORANDUM OPINION

R. THOMAS STINNETT, Bankruptcy Judge.

This adversary proceeding was commenced by Jerry Farinash, the chapter 7 trustee, ("Trustee") to avoid a lien held by the defendant, First Union National Bank ("First Union"), against property owned by the debtors, Jerry Bryan Blackmon and wife, Amanda Jan Blackmon ("Debtors"), in Georgia. The lien is in the form of a Security Deed between Debtors and IMC Mortgage Company of record at Book 848, Page 304, in the Superior Court Clerk's Office for Walker County, Georgia. The date of the recording was November 7, 1997. The Security Deed and Note were subsequently assigned to First Union.

■ Although the answer of First Union denies its legal effect, First Union does admit that the Security Deed contains the signature of only one witness. The Trustee has filed a Motion For Summary Judgment, supported by his affidavit attaching a copy of the recorded Security Deed and a brief of law. The Security Deed bears the signature and seal of a notary public, but the line designated "unofficial witness" is left blank. There are no signatures on the Security Deed other than those of the Debtors and the notary.

Pursuant to *E.D. Tenn. LBR* 7007–1, First Union had twenty (20) days after the filing of the Motion For Summary Judgment to respond. The time was enlarged by agreement. The rule also provides: "A failure to respond shall be construed by the court to mean that the respondent does not oppose the relief requested by the motion." By its failure to respond to the Motion For Summary Judgment within the extended time allowed, First Union does not oppose the relief requested by the motion. Furthermore, the court concludes that the Trustee is entitled to the relief requested for the reasons set forth. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399 (6th Cir.1992).

Pursuant to *Fed. R. Civ. P.* 56(c), made applicable to this adversary proceeding through *Fed. R. Bankr.P.* 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, including the affidavit in support of the motion, in a light most favorable to the non-moving party, there remain no genuine issues of material fact and the evidence is such that a reasonable jury can find only for the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989).

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the General Order of Reference promulgated by the district court pursuant to 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (K) & (O).

At the time their voluntary petition was filed, the Debtors were residents of Georgia; however, no party in interest filed a timely motion for transfer of venue. *See,* 28 U.S.C. § 1408; *Fed. R. Bankr.P.* 1014(a)(2). Accordingly, venue of this adversary proceeding is proper. 28 U.S.C. § 1409(a). Georgia law applies in this proceeding. *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020 (6th Cir.2001). The Trustee has standing to bring this proceeding pursuant to 11 U.S.C. § 544.

■ In order to be eligible for recordation under Georgia law, a deed to secure debt, such as the Security Deed in this proceeding, must be attested in the same manner as a mortgage. O.C.G.A. § 44–14–61. In order to admit a mortgage to record in Georgia, the instrument must be

attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds; and, in the case of real property, the instrument "must also be attested or acknowledged by one additional witness." O.C.G.A. § 44–14–33.

In 1995, the Georgia legislature added the following sentence to O.C.G.A. § 44–14–33:

> In the absence of fraud, if a mortgage is duly filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers.

Ga. L.1995, p. 1076, § 1.

In a subsequent decision by the Georgia Supreme Court in *Leeds Building Products, Inc. v. Sears Mortgage Corp. et al.*, 267 Ga. 300, 477 S.E.2d 565 (1996), it did not consider whether the amendment to § 44–14–33 broadened the law as to when a recorded deed gives constructive notice despite being defectively attested or acknowledged. The *Leeds* court held that a latently defective attestation of an instrument does not prevent the recordation of that instrument from providing constructive notice to subsequent bona fide purchasers. *Leeds Building Products, supra* at 567. If the amendment broadened the law, the broadening was irrelevant because the law *before* the amendment, as pronounced in *Leeds*, gave the recorded deed effect as constructive notice despite the alleged defects in the attestation or acknowledgment. The court's comment that it need not consider the amendment was not the same as saying the amendment made no change in the law. The court only said that it need not rely on any change made by the amendment to reach the result that the recorded deed gave constructive notice. *Leeds*, 267 Ga. 300, 477 S.E.2d 565, footnote 1.

The amendment, however, does not support the idea that any recorded deed is effective to give constructive notice without regard to whether it was properly attested or acknowledged. Compare this amendment to the amendment to O.C.G.A. § 48–6–4. In *Higdon v. Gates*, the Georgia Supreme Court held that a recorded deed was not effective to give notice because it showed on its face that the transfer tax had not been paid. *Higdon v. Gates*, 238 Ga. 105, 231 S.E.2d 345 (1976) *explained*, *Leeds*, 267 Ga. 300, 302, 477 S.E.2d 565, 568. The legislature responded to *Higdon* by amending § 48–6–4. Subsection (b) provides:

> No deed, instrument, or other writing described in Code Section 48–6–1 shall be filed or recorded . . . until the tax imposed by this article has been paid; provided, however, that any such deed, instrument, or other writing filed or recorded which would otherwise constitute constructive notice shall constitute such notice whether or not such tax was in fact paid.

The "provided" clause added by the amendment specifically says that failure to pay the transfer tax does not prevent the recorded deed from being constructive notice. In contrast, the amendment to § 44–14–33 does not expressly say that a recorded mortgage is constructive notice even if not properly attested or acknowledged. The legislature obviously knew how to write such an express exception—it had done so with regard to failure to pay the transfer tax—but it chose not to do so. Instead, the amendment to § 44–14–33 merely says that a "duly" recorded, filed, and indexed mortgage gives constructive notice. This is essentially a statement of the general rule of law as it existed before the amendment. It does not say that a mortgage is "duly" recorded even if it was not properly attested or acknowledged.

■ A recorded instrument that is facially invalid does not constitute constructive notice to subsequent purchasers.

*Leeds,* 267 Ga. 300, 302, 477 S.E.2d 565, 568, *citing Higdon v. Gates,* 238 Ga. 105, 231 S.E.2d 345 (1976).

The Security Deed in this proceeding, which purports to be a lien on the Debtors' real property, is not attested or acknowledged by an additional witness. This is a patent defect, readily apparent from the instrument itself. As such, it was not entitled to be admitted to record, or, in the words of the statute, was not *duly* filed so as to give constructive notice to subsequent bona fide purchasers.

Accordingly, pursuant to 11 U.S.C. § 544, the Trustee may avoid the Security Deed of First Union of record at Book 848, Page 304, in the Superior Court Clerk's Office for Walker County, Georgia. The court will enter an order granting the Trustee's Motion For Summary Judgment.

This Memorandum constitutes findings of fact and conclusions of law as required by *Fed. R. Bankr.P.* 7052.