S06A0918. STEINICHEN v. STANCIL et al.

(635 SE2d 158)

SEARS, Chief Justice.

In this quiet title action, the appellant, Karen Steinichen, did not file any exceptions to the special master's report before the trial court entered its judgment adopting the report. Steinichen subsequently moved for a new trial, contending that the evidence did not support the trial court's judgment. In denying Steinichen's motion for new trial, the trial court ruled that Steinichen had waived her right to object to the special master's report and the trial court's judgment by failing to object to the report before the trial court adopted it. On appeal, Steinichen contends that this ruling was error. For the reasons that follow, we agree and therefore reverse the trial court's judgment and remand the case to the trial court for it to address the merits of Steinichen's motion for new trial.

1. In January 2003, Steinichen filed a petition to quiet title to certain land in Jackson County pursuant to OCGA § 23-3-60 et seq. The appellee, Larry Stancil, filed an answer and counterclaim, contending that he owned the property by virtue of adverse possession. The trial court submitted the case to a special master, as required by OCGA § 23-3-63, and the parties waived their right under OCGA § 23-3-66 to have a jury trial on any questions of fact. On March 15, 2005, the special master held a hearing on the case, and on April 29, 2005, the special master filed his report in superior court.[1] In the report, the special master concluded that Steinichen failed to establish title to the property and that Stancil had acquired title by adverse possession. On May 6, 2005, Stancil filed a motion for the trial court to adopt the report of the special master as the judgment of the court. Steinichen filed no response to Stancil's motion to adopt and filed no exceptions to the special master's report. On June 21, 2005, the trial court entered an order adopting the special master's report. Thereafter, Steinichen moved for a new trial, contending that the judgment was not supported by the evidence. On October 11, 2005, the trial court denied Steinichen's motion, ruling that, because she did not file any objections to the special master's report before the

---

[1] OCGA § 23-3-66.

entry of final judgment by the trial court, she had waived her right to object to the report or to the judgment.

2. On appeal, Steinichen contends that the trial court erred in ruling that she waived her right to object to the special master's report and to the court's judgment. Because we conclude that Steinichen did not waive her right to object to the trial court's judgment, we reverse.

Under OCGA § 23-3-66, if, as in this case, neither party demands a jury trial, the special master "decides all questions of law and fact in the case."[2] Once the special master issues his report, he must file it with the superior court.[3] OCGA § 23-3-67 provides that "[u]pon the receipt of the master's report or upon a jury verdict, the court shall issue a decree which shall be recorded in the office of the clerk of the superior court of the county or counties wherein the land affected lies." We have held that OCGA § 23-3-67 "makes no provision for filing exceptions to the special master's report,"[4] and does not require a trial court to provide notice to the parties and to conduct a hearing before adopting the special master's report.[5] Although a trial court is not required to hear exceptions to a special master's report, the trial court must independently evaluate the correctness of the report before adopting it as the judgment of the court.[6]

The fact that there is no statute entitling a party to file exceptions to a special master's report supports the conclusion that a party's failure to file objections before the trial court adopts the report as the court's judgment does not bar the party from objecting to the trial court's judgment in a motion for new trial or on appeal. In this regard, in *Higdon*,[7] the appellant did not file exceptions to the special master's report, but did file an appeal attacking the trial court's judgment that adopted the report. The appellees moved to dismiss the appeal, contending that, because the appellant failed to file exceptions, the findings of the special master became conclusive when adopted by the trial court.[8] We held that, because the statutes governing special master proceedings did not provide for the filing of

---

[2] *Higdon v. Gates*, 238 Ga. 105, 106 (231 SE2d 345) (1976).

[3] OCGA § 23-3-66.

[4] *Higdon*, 238 Ga. at 106; *Thompson v. Cheatham*, 244 Ga. 117, 119 (259 SE2d 62) (1979).

[5] *Thompson*, 244 Ga. at 119. In *GHG, Inc. v. Bryan*, 275 Ga. 336, 337 (566 SE2d 662) (2002), GHG contended that OCGA § 23-3-67 violated due process by not providing a way for parties to contest a special master's report in superior court, but we declined to review the issue as it was not properly raised.

[6] *Eardley v. McGreevy*, 279 Ga. 562, 564-565 (615 SE2d 744) (2005).

[7] 238 Ga. at 105-106.

[8] Id.

exceptions to a special master's report, the failure to file exceptions was not a bar to this Court deciding the merits of the case on appeal.[9]

Moreover, in the present case, even assuming that the trial court would have permitted Steinichen to file exceptions to the special master's report,[10] the trial court did not communicate this fact to Steinichen and did not schedule a hearing on Stancil's motion to adopt the report. Thus, Steinichen had no knowledge that filing exceptions would have been anything other than a futile act, as the trial court was entitled under the applicable statutes to enter judgment at any time it chose[11] and certainly could have done so before any exceptions were filed by Steinichen.

Although the foregoing factors support the conclusion that Steinichen did not waive her right to contest the trial court's judgment, the trial court reasoned that special master proceedings in quiet title actions are similar to special master proceedings in condemnation actions; that courts have held that a party's failure to file non-value exceptions to a special master's award in condemnation proceedings is a waiver of those objections; that the rationale of the condemnation cases applies to quiet title cases; and that Steinichen's failure to file exceptions to the special master's report was a waiver of her right to do so. However, in the condemnation cases on which the trial court relied, the condemnation statutes have been interpreted as permitting and requiring the filing of non-value exceptions to the special master's rulings.[12] In fact, in *Sims*, this Court held that, because of the potential for oppression and abuse in condemnation cases, due process required that a party have ten days after the filing of the special master's report with the superior court in which to file non-value exceptions.[13] As noted above, this Court has held that the statutes governing the special master proceedings in quiet title actions do not contain any provision for filing exceptions to the special master's report. In the absence of such a procedure, we cannot hold that a party waives her objections to the special master's report by failing to file exceptions thereto in superior court.

Finally, Stancil contends that, because Steinichen failed to respond to his motion for the court to adopt the special master's report, Steinichen waived the right to object to the report and to the court's

---

[9] Id.

[10] In *Thompson*, 244 Ga. at 119, we noted, but did not decide, that it might be permissible for a trial court to allow a party to file exceptions to a special master's report.

[11] In *Thompson*, 244 Ga. at 117, the trial court adopted the special master's report on the same day that it was filed with the court.

[12] E.g., *Wiggins v. City of Macon*, 120 Ga. App. 197, 198-200 (169 SE2d 667) (1969); *Sims v. City of Toccoa*, 256 Ga. 368, 369-370 (349 SE2d 385) (1986).

[13] *Sims*, 256 Ga. at 369-370.

judgment adopting it. In this regard, Stancil relies on Uniform Superior Court Rule 6.2, which provides that a party has 30 days in which to file a response to an opposing party's motion. However, although the failure to file a response to a motion waives the opportunity to present evidence in opposition to the motion, the failure to file a response does not entitle the movant to the relief requested in the motion; instead, the burden remains on the movant to show that he is entitled to that relief.[14] Thus, in the present case, Stancil's motion simply put the burden on him to show that the special master's report was correct and that he was entitled to have it become the judgment of the trial court, and Steinichen's failure to respond to Stancil's motion did not preclude her from raising objections to the trial court's judgment in her motion for new trial.

For the foregoing reasons, the trial court erred in denying Steinichen's motion for new trial on the ground that she had waived her right to raise objections to the special master's report and to the trial court's judgment. We therefore remand the case to the trial court for it to address the merits of Steinichen's motion for new trial.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006 —
RECONSIDERATION DENIED OCTOBER 16, 2006.

*Patterson & Kaye, Arnold S. Kaye, Salina M. Kennedy*, for appellant.

*Andersen, Tate, Mahaffey & McGarity, Thomas T. Tate, Jeffrey B. Hicks*, for appellees.

---

[14] *Landsberg v. Powell*, 278 Ga. App. 13, 15 (627 SE2d 922) (2006); *Milk v. Total Pay & HR Solutions*, 280 Ga. App. 449 (634 SE2d 208) (2006).