## A08A0933. BATESVILLE CASKET COMPANY v. WATKINS MORTUARY, INC.

(668 SE2d 476)

ADAMS, Judge.

Plaintiff Batesville Casket Company appeals the trial court's order dismissing its suit on account brought against Watkins Mortuary, Inc.

Batesville originally filed suit against Watkins on June 16, 2003. Batesville dismissed its action without prejudice on November 7 or 8, 2006. Batesville attempted to re-file its action under the renewal statute, OCGA § 9-2-61 (a),[1] on April 30, 2007. Batesville was subse-

---

[1] That section allows a plaintiff to recommence an action after voluntarily dismissing it by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later."

quently notified by the clerk of the Fulton County State Court that it was required to electronically file (e-file) its complaint. Batesville e-filed its complaint on June 26, 2007.

Watkins subsequently filed a motion to dismiss, arguing that the e-filed complaint was outside both the applicable statute of limitation and six-month renewal period allowed by OCGA § 9-2-61 (a). The trial court granted the motion to dismiss, finding that the complaint was filed on June 26, 2007, the date of e-filing, and that the limitations period had expired on December 22, 2006, see OCGA § 9-3-25, and that the six-month renewal period had expired on May 8, 2007. Batesville appeals.

1. Batesville first argues that the mandatory e-filing requirement, which applies, inter alia, to complaints seeking damages in excess of $50,000, *excluding interest and attorney fees*,[2] was inapplicable in this case because a careful review of the exhibits attached to its complaint shows that the $50,312.45 sought as principal in fact included interest as well as principal.[3] Although Batesville's brief in response to Watkins' motion to dismiss was apparently hand filed and not e-filed in the trial court, and therefore was never made part of the record below, it appears undisputed (see Division 3, below) that this argument was not raised by Batesville in the trial court. It is axiomatic that this Court will not consider matters argued for the first time on appeal and not raised and ruled upon in the trial court. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level." (Punctuation and footnote omitted.) *AKA Mgmt. v. Branch Banking &c. Co.*, 275 Ga. App. 615, 619 (2) (a) (621 SE2d 576) (2005). This enumeration thus presents nothing for review.

2. Batesville next contends that e-filing should be considered a "form" of filing as that term is used in OCGA § 9-11-3 (b), which further states that failure to accurately complete a civil case filing form shall not provide a basis to dismiss a civil action. This argument is without merit. The "form" referred to in that section clearly refers to the civil case filing form which is to be filed along with the complaint, not the method of filing. See also OCGA § 9-11-133.

3. Batesville next argues that it was denied due process because the trial court granted the motion to dismiss without an oral hearing.

---

[2] The e-filing requirements were set forth in an order issued by the Chief Judge of the State Court of Fulton County on May 31, 2006 "Mandating Certain Case Types to Electronic-Filing Status."

[3] Batesville's complaint alleged in relevant part: "The Defendant is indebted to the Plaintiff by virtue of an open account in the principal amount of $50,312.45 . . ." and sought to recover "$50,312.45 principal, together with interest and reasonable attorney's fees. . . ."

The trial court was not required, however, to hold a hearing on Watkins' motion to dismiss. See Uniform Superior Court Rule 6.3; *Howard v. Burch*, 210 Ga. App. 515, 516 (436 SE2d 573) (1993). Batesville was afforded the opportunity to file a brief in response to Watkins' motion to dismiss, see Uniform Superior Court Rule 6.2, and thus was not denied an opportunity to be heard. Moreover, we find no merit to Batesville's contention that it has raised the arguments identified in Divisions 1 and 4 at the "earliest practicable moment," and thus we should remand the case for a hearing in line with the procedure we follow in ineffective assistance of counsel cases. Simply put, that reasoning is inapplicable to this case. Moreover, there is nothing to suggest that Batesville was prevented from raising these arguments in the trial court in a properly filed brief. This enumeration is also without merit.

4. Lastly, Batesville contends, for the first time on appeal, that the order of the trial court mandating e-filing for certain types of cases but not others constitutes a denial of equal protection. "A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made below are thus not passed upon here." (Citation and punctuation omitted.) *Flott v. Southeast Permanente &c. Group*, 288 Ga. App. 730, 732-733 (2) (655 SE2d 242) (2007).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 7, 2008.

*Bandy & Stagg, Matthew A. Bryan, Gary M. Wisenbaker*, for appellant.
*Keishan J. Davis*, for appellee.