S09G1928. E. I. DuPONT DE NEMOURS & COMPANY v. WATERS et al.

(695 SE2d 265)

MELTON, Justice.

In *E. I. DuPont de Nemours & Co. v. Waters*, 298 Ga. App. 843, 844 (681 SE2d 651) (2009), the Court of Appeals determined that, because the complaint filed in this products liability class action prays for equitable relief, the trial court had the authority to appoint a special master to rule on issues of fact and law in pretrial discovery under OCGA § 9-7-1 et seq.[1] The Court of Appeals further found, however, that the order appointing the special master contained provisions which were inconsistent with the statutory scheme, and it remanded the case to the trial court for this reason. We granted certiorari to examine the propriety of the Court of Appeals' ruling.

As set forth in the opinion below, the relevant facts of this case are as follows:

Plaintiff Dennis A. Waters, Jr., on behalf of himself and others similarly situated, brought this class action lawsuit against DuPont and Liberty Mobile Home Supply, Inc. Waters claimed that DuPont and Liberty had fraudulently marketed Delrin, an acetyl resin, by misrepresenting its suitability to connect lengths of polybutylene pipes. In response to Waters's request for production, DuPont provided Waters with CD-ROMs containing approximately 2.2 million pages of documents. DuPont also provided Waters with two privilege logs, the first containing 2,837 entries and the second containing 58 entries.

Waters moved the superior court to order an in camera review of the documents contained in DuPont's privilege log under whatever terms and conditions the court deemed appropriate. The superior court held a hearing on the pending discovery issues. Following the hearing, Waters

---

[1] OCGA § 9-7-2 provides:

Upon application of either party, after notice to the opposite party, the judge of the superior court, in equitable proceedings if the case shall require it, may refer any part of the facts to an auditor to investigate and report the result to the court. Furthermore, the judge may, upon his own motion, when in his judgment the facts and circumstances of any such case require it, refer the same to an auditor.

asked the superior court to appoint a special master to review the privilege logs and underlying documents. DuPont opposed these motions.

The superior court subsequently issued an order appointing a special master. The order, which did not purport to be pursuant to any specific statutory authority, defined the special master's duties and compensation, the conduct of the parties in relation to the special master, and an appeals process. More specifically, the order authorized the special master to "establish case management orders and discovery schedules, and otherwise perform such acts necessary to expeditiously and efficiently move the case through the discovery process." The order also provided that the special master could entertain pending and future discovery motions, issue rulings on the motions, and impose sanctions on any party for failure to comply with discovery requirements. The order further authorized the special master to charge $300 an hour for his services, allocated among the parties as the special master deemed appropriate. Finally, the order allowed the parties to make de novo appeals to the superior court from rulings of the special master. During the pendency of such appeals, absent the express order of the special master, the parties were required to comply with the special master's rulings.

*Waters*, supra, 298 Ga. App. at 844. DuPont appealed this ruling to the Court of Appeals, arguing that: (1) this matter is a non-equity case and (2) special masters may be appointed only in non-equity cases concerning condemnation (OCGA § 22-2-100 et seq.), quiet title actions (OCGA § 23-3-63), and lawyer disciplinary proceedings (Ga. Bar Rule 4-106). The Court of Appeals disagreed, holding:

Under OCGA § 9-7-2, the superior court is authorized to appoint an auditor in cases where the plaintiff invokes the court's equitable powers by praying for an injunction or other form of equitable relief. Once appointed under OCGA § 9-7-2, an auditor has the power to hear motions, pass on questions of law and fact, and compel the production of documents. See OCGA § 9-7-6. Whether an auditor shall be appointed is, as a general rule, in the discretion of the court; and unless there has been an abuse of such discretion, the appointment by the court of an auditor will not be disturbed. Applying these principles, we conclude that the superior court did not err by appointing an auditor, termed a special master, under the circumstances of this

case. Waters's complaint prayed for equitable relief, including the imposition of injunctions and a constructive trust. The superior court, therefore, was entitled to invoke its powers to appoint an auditor under OCGA § 9-7-2.

(Citations, punctuation and footnote omitted.) Id. at 845-846 (1).

The parties apparently agree that, if the Court of Appeals correctly found that the trial court had authority to appoint an auditor in this case, the trial court's order did not comply with the prerequisites of OCGA § 9-7-1 et seq. Given the advent of Uniform Superior Court Rule 46, which was enacted after the trial court's order but before the issuance of the Court of Appeals' opinion, however, we need not address the Court of Appeals' analysis on this point. In fact, the parties agree that, upon remand, this Rule may guide the trial court. Rule 46 (A) (1) provides:

> Unless a statute provides otherwise, upon the motion of any party or upon the court's own motion, the court of record may appoint a [special] master: (a) to perform duties consented to by the parties; (b) to address pretrial and post-trial matters that the court cannot efficiently, effectively or promptly address; (c) to provide guidance, advice and information to the court on complex or specialized subjects, including, but not limited to, technology issues related to the discovery process; (d) to monitor implementation of and compliance with orders of the court or, in appropriate cases, monitoring implementation of settlement agreements; (e) to investigate and report to the court on matters identified by the court; (f) to conduct an accounting as instructed by the court and to report upon the results of the same; (g) upon a showing of good cause, to attend and supervise depositions conducted outside of the jurisdiction; and (h) to hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by (i) some exceptional condition, or (ii) the need to perform an accounting, to resolve a difficult computation of damages or if the matter involves issues for which a special substantive competence would be beneficial.

Therefore, pursuant to this rule, a trial court may appoint a special master in difficult cases such as this one to aid in the discovery process.

Rule 46 does, however, require the trial court to follow certain procedures before entering an order appointing a special master, and

the order, itself, must also contain specific enumerated provisions. For example, Rule 46 mandates that the court give the parties notice and an opportunity to be heard before appointing a master. Rule 46 (B) (1). In addition, the order must set forth, among other things, the special master's duties, specific limits on the special master's authority, and standards for reviewing the special master's orders, findings, and recommendations. Rule 46 (B) (2). It is undisputed that the present order in this case appointing a special master fails to comply with all of the requirements of Rule 46.

Therefore, as recognized by the parties, the trial court may, upon its own motion or by request of the parties, enter a new order in compliance with the requirements of Rule 46, which sets forth a clearly defined scheme for the appointment of a special master in a case such as this one. In conclusion, we agree with the Court of Appeals that this case must be remanded to the trial court for further proceedings, although we base our opinion on the precepts of Rule 46, not OCGA § 9-7-1 et seq.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 1, 2010.

*Ellis, Painter, Ratterree & Adams, Paul W. Painter, Jr., Sarah B. Akins, Crowell & Moring, Tracy A. Roman, Kathleen T. Sooy*, for appellant.

*Richard H. Middleton, Jr., Stephen A. Sael, Arnold, Stafford, Randolph & Schaefer, Jeffery L. Arnold, H. Craig Stafford, Osteen & Osteen, Christopher J. Osteen, Alvin G. Wells, Jr.*, for appellees.