## A11A1869. STANDARD BUILDING COMPANY, INC. et al. v. SCHOFIELD INTERIOR CONTRACTORS, INC. et al.

(726 SE2d 760)

DOYLE, Presiding Judge.

Following a jury verdict and judgment in favor of Schofield Interior Contractors, Inc., and Ron Marshall (collectively, "the plaintiffs"), Standard Building Company, Inc., Rob Morel, and Valentin Ciuperca (collectively, "the defendants") filed a post-judgment motion, which the trial court referred to a special master. The special master issued proposed findings of fact and conclusions of law recommending that the trial court dismiss the post-trial motion based on the defendants' failure to file a trial transcript pursuant to Uniform Superior Court Rule ("USCR") 46 (G) (2). In several enumerations of error, the defendants appeal the trial court's subsequent order finding that the special master's proposal was final. For the reasons that follow, we affirm.

The record shows that the plaintiffs filed suit against the defendants asserting claims for breach of contract, negligence, and fraud, seeking compensatory and punitive damages and attorney fees pursuant to OCGA § 13-6-11. Following a jury verdict in favor of the plaintiffs in the principal sum of $294,458.66 and the entry of judgment on March 11, 2009,[1] the defendants filed a motion for new trial or JNOV on April 10, 2009. On May 22, 2009, the defendants wrote a letter to the trial court requesting that the court consider the motion without requiring the defendants to secure a copy of the trial transcript,[2] noting "the [c]ourt's great familiarity with both the evidence and issues presented during the trial" and maintaining that resolution of the questions of law presented in the motion "may well render a transcript unnecessary."

Thereafter, the trial court referred the defendants' motion for new trial or JNOV to a special master on December 17, 2009. After a review of the pleadings, the special master entered a detailed "Proposed Findings of Fact and Conclusions of Law" on March 18, 2010,[3] recommending dismissal of the post-trial motion based on the defendants' failure to file a trial transcript in the year following the

---

[1] The jury awarded the plaintiffs damages for negligence and attorney fees, but declined to award punitive damages, and it found in favor of the defendants as to the plaintiffs' claims for breach of contract and fraud.

[2] In the letter, the defendants asserted that the trial transcript would cost approximately $11,500.

[3] The trial court received an electronic copy of the special master's proposal on March 18, 2010.

verdict and concluding that the transcript was essential to a determination of the issues raised in the motion.[4]

In a letter dated April 1, 2010, the defendants advised the special master and the trial court that they had ordered the trial transcript from the court reporter and requested that the court "consider the full transcript prior to entry" of the special master's proposed findings of fact and conclusions of law.[5]

On April 13, 2010, the trial court entered a second order appointing the special master, presumably to address the transcript issue.[6] On April 20, 2010, the plaintiffs filed a motion to dismiss or, in the alternative, motion to enter an order adopting the special master's recommendation, explaining therein that the special master had notified the parties that once the transcript was prepared, the parties would have 30 days to recast their briefs. The plaintiffs argued, in part, that the defendants had failed to make reasonable efforts to obtain the transcript.

On May 24, 2010, the plaintiffs filed a "Notice of Finality of Order and Judgment . . . and Notice of Objection to Further Proceedings in the Trial Court," arguing that the special master's recommendation was final 20 days after it was served based on the defendants' failure to file an objection thereto pursuant to USCR 46 (G) (2).

On August 10, 2010, the special master issued a second proposed findings of fact and conclusions of law, recommending that the trial court strike the plaintiffs' notice of finality and deny the plaintiffs' motion to dismiss or motion to adopt the special master's recommendation on the ground that that first recommendation was not final because the defendants' April 1 letter regarding the trial transcript operated as an objection to the initial recommendation under USCR 46 (G) (2). The special master suggested that the trial court should thereafter decide whether to enter the March 18, 2010 recommendation and then refer the matter back to the special master "to reconsider" the motion for new trial or JNOV once the parties provided transcript citations to support their positions; the special master did rule on the merits of the post-trial motion.

On August 27, 2010, the plaintiffs filed a motion to reject the special master's August 11 recommendations, arguing again that the defendants' failure to file a motion to reject or modify the initial order within 20 days vested it with the full effect of an order on April 7,

---

[4] The special master explained in detail why the transcript was necessary to resolve each of the issues raised in the motion for new trial or JNOV.

[5] The trial transcript was filed on March 30, 2011.

[6] The order stated that the special master was appointed "for purposes of discovery and pretrial management."

2010, under USCR 46 (G) (2). The trial court granted the plaintiffs' motion on October 19, 2010, finding that

> [h]aving dismissed [d]efendants' [p]ost-[t]rial [m]otion[ ] effective April 7, 2010, the [s]pecial [m]aster's [f]irst [r]uling constitutes a final order in this case, given that it left the parties with no further recourse in the trial court. . . . It is further [ordered, adjudged, and decreed] that the [s]pecial [m]aster's [proposed findings of fact and conclusions of law] served upon this Court on March 18, 2010 constituted a final order in this case, effective at the close of business on April 7, 2010.

This appeal followed.

1. As an initial matter, we will address the plaintiffs' argument that the appeal must be dismissed because the defendants failed to file an application for discretionary appeal pursuant to OCGA § 5-6-34 (b).

Pursuant to OCGA § 5-6-34 (a) (1), a party may directly appeal "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." The underlying subject of this appeal is not one of those listed in OCGA § 5-6-35 requiring an application, and the October 19, 2010 order is final because there is nothing pending in the trial court below. Thus, the defendants were not required to file an application for discretionary appeal pursuant to OCGA § 5-6-34 (b). The plaintiffs' motion to dismiss this appeal is denied.

2. The defendants contend that the trial court erred by finding that the special master's initial recommendation constituted a final order on April 7, 2010, 20 days after the March 18, 2010 service thereof on the parties and the trial court. Specifically, the defendants argue[7] that the special master's March 18, 2010 report was never filed with the trial court as required by USCR 46 (F) (4), which provides that the special master "*must file the report* and promptly serve a copy of the report on each party, unless the court directs otherwise."[8] Here, the special master did not actually file its March

---

[7] We note that the defendants argued before the trial court that their April 1, 2010 letter to the trial court constituted a "motion to reject or modify the special master's proposed findings" under USCR 46 (G) (2). The defendants have, however, abandoned this argument on appeal.

[8] (Emphasis supplied.)

18, 2010 proposal. The defendants, however, have raised this argument for the first time on appeal. Therefore, we cannot consider it, and it provides no basis for reversal.[9]

3. The defendants contend that the trial court abused its discretion by referring their motion for new trial or JNOV to a special master. Specifically, they argue that the appointment was improper, relying on *Alston & Bird LLP v. Mellon Ventures II, L.P.*,[10] and that the trial court failed to "give the parties notice and an opportunity to be heard before appointing a master," as required by USCR 46 (B) (1).

USCR 46 provides:

> Unless a statute provides otherwise, upon the motion of any party or *upon the court's own motion, the court of record may appoint a [special] master*: (a) to perform duties consented to by the parties; (b) *to address pretrial and post-trial matters that the court cannot efficiently, effectively or promptly address*; (c) to provide guidance, advice and information to the court on complex or specialized subjects, including, but not limited to, technology issues related to the discovery process; (d) to monitor implementation of and compliance with orders of the court or, in appropriate cases, monitoring implementation of settlement agreements; (e) *to investigate and report to the court on matters identified by the court*; (f) to conduct an accounting as instructed by the court and to report upon the results of the same; (g) upon a showing of good cause, to attend and supervise depositions conducted outside of the jurisdiction; and (h) *to hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by (i) some exceptional condition*, or (ii) the need to perform an accounting, to resolve a difficult computation of damages or if the matter involves issues for which a special substantive competence would be beneficial.[11]

In *Alston & Bird*, the defendants appealed from the grant of partial summary judgment, arguing in part that the trial court

---

[9] See *Batesville Casket Co. v. Watkins Mortuary, Inc.*, 293 Ga. App. 854, 855 (1) (668 SE2d 476) (2008) ("[T]his Court will not consider matters argued for the first time on appeal and not raised and ruled upon in the trial court. 'We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level.' ").

[10] 307 Ga. App. 640 (706 SE2d 652) (2010).

[11] (Emphasis supplied.) USCR 46 (A) (1).

abused its discretion by referring the motion and other matters to a special master over the defendants' objection.[12] This Court affirmed the referral, noting that "a judge's exercise of discretion in referring a matter to . . . a special master, will not be interfered with, absent abuse" and that "[t]he adoption of USCR 46, as approved by our Supreme Court, without any legislative authority affirms the existence of the inherent judicial power of Georgia's courts, or at least the inherent power of her courts of record, to refer the matters complained of herein to a special master."[13] This Court

> caution[ed] the bench and bar, however, that *there are limits to the power of a trial court to turn over allegedly complex litigation to special masters or auditors.* Doing so too frequently infringes on the constitutional authority of the General Assembly and the Governor, advised by the Judicial Council, to decide how many judicial circuits Georgia should have and how many judges should staff those circuits.[14]

Here, the trial judge presided over the lengthy trial, which began on February 9, 2009, and culminated in a verdict on February 24, 2009. The defendants filed a post-trial motion in April 2009, and in May 2009, urged the trial court to hear the motion without requiring them to file a transcript, noting the court's familiarity with the evidence and the issues. Nevertheless, in December 2009 — ten months after the verdict and eight months after the post-trial motion was filed — the court referred the defendants' motion for new trial or JNOV to a special master, without first providing notice to the parties before the appointment. The trial court's failure to provide notice to the parties and an opportunity to be heard before the special master appointment violated USCR 46 (B) (1).[15] The defendants, however, have not demonstrated that they objected to the order appointing the special master. Thus, we cannot consider the defendants' challenge to the appointment of the special master.[16]

4. In their remaining enumerations, the defendants argue that they were entitled to a new trial or JNOV on various grounds. Because the trial court did not make a substantive ruling on the

---

[12] See *Alston & Bird*, 307 Ga. App. at 646-648 (6) (a).

[13] Id. at 647-648 (6) (a).

[14] (Emphasis supplied.) Id. at 648 (6) (a).

[15] See *E.I. DuPont de Nemours & Co. v. Waters*, 287 Ga. 235, 237-238 (695 SE2d 265) (2010).

[16] See *Batesville Casket Co.*, 293 Ga. App. at 855 (1).

post-trial motion, these enumerations present nothing for review.[17]
*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 29, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — ▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*M. Katherine Durant*, for appellants.
*Davis, Matthews & Quigley, Ron L. Quigley, Matthew R. Thiry, Mina A. Elmankabady, Parker, Hudson, Rainer & Dobbs, Vincent J. Arpey*, for appellees.

---

[17] See, e.g., *Williams v. United Community Bank*, 313 Ga. App. 706, 708 (722 SE2d 440) (2012) ("An error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error.") (citation and punctuation omitted); *State Farm Mut. Auto. Ins. Co. v. Cox*, 233 Ga. App. 296, 298 (2) (502 SE2d 778) (1998).