**THIRD DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

May 14, 2021

# In the Court of Appeals of Georgia

A21A0502. MCBRIDE v. KELLY et al.                    DO-020

DOYLE, Presiding Judge.

Brian D. Kelly, individually and as administrator of the estate of John B. Freeman, filed a "Petition to Establish Title Against All the World" under OCGA § 23-3-61 et seq., against Jason Lee McBride and all persons unknown who might claim title to property located in Warren County. The superior court appointed a special master, who entered a report recommending that Kelly have judgment establishing his title in the land. The superior court entered a final decree adopting the special master's report, and McBride appeals, arguing that the superior court erred by adopting the report because (1) it was not supported by sufficient findings of fact and conclusions of law — the special master overlooked testimony, and the special master's report failed to make reference to certain exhibits; (2) the final decree is

inconsistent with the special master's report; and (3) the superior court failed to give the parties sufficient time to object to the special master's report. For the reasons that follow, we vacate the final decree and remand the case.

The record shows that Kelly filed the quiet title petition on December 29, 2016. On January 3, 2017, the trial court appointed a special master. The parties appeared before the special master in July 2019, for a hearing and presented evidence and argument. On January 2, 2020, the special master filed his report, recommending that Kelly have a judgment establishing his title to the property at issue. On January 15, 2020, the superior court entered a final decree adopting the special master's report and conclusively establishing Kelly's title in the property. This appeal followed.[1]

1. McBride contends that the superior court erred by entering the final decree adopting the special master's report and recommendation without giving him the required time to reject or modify the report. We agree.

Uniform Superior Court Rule 46 (G) (1) provides: "In acting on a master's order, report, or recommendations, *the court must afford the parties an opportunity to be heard and to object* to any portion thereof. The court may receive evidence, and

_____

[1] McBride initially appealed this case to the Supreme Court of Georgia, which transferred it to this Court.

2

may adopt or affirm, modify, reject or reverse in whole or in part, or resubmit all or some issues to the master with instructions."[2] Rule 46 (G) (2) gives a party 20 days from the date the special master's report is served to file a motion to reject or modify the report, unless the court sets a different time.

Here, the special master's report was filed January 2, 2020, and the superior court entered the final decree adopting the report and recommendation 13 days later, on January 15, 2020.[3] Therefore, the parties were not afforded the 20-day opportunity to object or move to reject or modify the report as required by Rule 46 (G). Accordingly, we vacate the superior court's final decree and remand the case to the trial court for further proceedings consistent with Rule 46.[4]

2. Our holding in Division 1 renders moot McBride's remaining enumerations.

*Judgment vacated and case remanded. Miller, P. J., and Brown, J., concur.*

---

[2] (Emphasis supplied.)

[3] There is nothing in the record to indicate that the trial court set a different deadline for the parties to move to reject or modify the special master's report.

[4] See, e.g., *E. I. DuPont de Nemours & Co. v. Waters*, 287 Ga. 235, 237-238 (695 SE2d 265) (2010) (remanding case for further proceedings based on the trial court's failure to comply with Rule 46, including providing notice and opportunity to be heard before appointing a special master).