# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2023

*The Court of Appeals hereby passes the following order:*

## A24D0126. MAURICE F. BABARA v. JUSTIN C. ELLIOTT

In this action involving the breach of a loan agreement, the trial court entered judgment against Maurice F. Babara in the amount of $80,000 in principal, plus interest and court costs on September 19, 2023. Babara filed his application for discretionary appeal of the trial court's order on October 24, 2023. We, however, lack jurisdiction.

The order at issue is a final judgment, as nothing remains pending in the court below. See OCGA § 5-6-34 (a) (1). Accordingly, the order is subject to direct appeal. See, e.g., *Standard Bldg. Co. v. Schofield Interior Contractors,* Inc., Jones, 315 Ga. App. 516, 518 (1) (726 SE2d 760) (2012). Ordinarily, when a party has a right of direct appeal and files an application for discretionary appeal, we will grant the application. See OCGA § 5-6-35 (j). However, the application for a discretionary appeal must be filed within 30 days of the order being appealed. See OCGA § 5-6-35 (d). Here, Babara filed his application 35 days after entry of the order he seeks to appeal. Given that the application is untimely, we are without jurisdiction to consider it. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith.").

Accordingly, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___11/06/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____Stephen E. Castlen_____, Clerk.