**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A0934. MT. PATMOS BAPTIST CHURCH, INC. v. RUCKER et al.

McFADDEN, Presiding Judge.

Mt. Patmos Baptist Church, Inc. appeals from a final order which adopted a special master's report and dismissed Mt. Patmos' complaint concerning title to real property. Mt. Patmos correctly asserts that the trial court erred by adopting the special master's report without first giving the parties the required opportunity to object to the report. So we vacate the final order and remand the case to the trial court for further proceedings. Mt. Patmos' additional enumeration challenging the appointment of the special master presents nothing for review because Mt. Patmos never objected to the order appointing the special master.

1. *Facts and procedural posture*

Mt. Patmos filed a complaint in superior court against multiple defendants for damages, declaratory judgment, and injunctive relief concerning title to and possession of certain real property. After the defendants filed answers to the complaint, the superior court entered an order, pursuant to Uniform Superior Court Rule 46 ("Rule 46"), appointing a special master to review and consider the pleadings, evidence, and arguments on all motions and other matters in the case. The order directed the special master, upon completion of such review and consideration, to report his findings to the court and serve the parties with copies of the report.

A hearing before the special master was scheduled and the parties were notified of the hearing and directed to submit briefs outlining their contentions. The defendants filed such a brief and appeared at the hearing, but Mt. Patmos did not submit a brief or appear at the hearing. A week after the hearing, the special master submitted his report, finding that there was a threshold issue as to whether Mt. Patmos had standing to bring the action and recommending that the court order a title search of the contested property. Thirteen days later, the court entered its final order adopting the special master's report and dismissing the complaint on the basis that

Mt. Patmos lacked standing to bring the action because it did not have title to the property. This appeal followed.

2. *Opportunity to object*

Mt. Patmos asserts that the superior court erred by prematurely entering the final order adopting the special master's report without first giving the parties time to object to the report as required by Rule 46. We agree.

"Rule 46 . . . sets forth a clearly defined scheme for the appointment of a special master[.]" *E. I. DuPont de Nemours & Co. v. Waters*, 287 Ga. 235, 238 (695 SE2d 265) (2010). Rule 46 (G) (1) provides that "[i]n acting on a [special] master's order, report, or recommendations, *the court must afford the parties an opportunity to be heard and to object to any portion thereof*." (Emphasis supplied.) "Rule 46 (G) (2) gives [the parties] 20 days from the date the special master's report is served to file a motion to reject or modify the report, unless the court sets a different time." *McBride v. Kelly*, 359 Ga. App. 437, 438 (1) (858 SE2d 253) (2021).

In the instant case, there is no indication in the record that the court set a different time other than the 20-day period for the parties to object to the special

master's report. Rather, the record shows that the special master's report was filed on October 10, 2024,

> and the superior court entered the final [order] adopting the report . . . [just] 13 days later, on [October 23, 2024]. Therefore, the parties were not afforded the 20-day opportunity to object or move to reject or modify the report as required by Rule 46 (G). Accordingly, we vacate the superior court's final [order] and remand the case to the trial court for further proceedings consistent with Rule 46.

*McBride*, supra (footnotes omitted). See also *E. I. DuPont de Nemours & Co.*, supra at 238 (remanding case for further proceedings based on the trial court's failure to comply with Rule 46); *Steinichen v. Stancil*, 281 Ga. 75, 76 (2) (635 SE2d 158) (2006) (where a party was not entitled by statute to file exceptions to a special master's report, the failure to file objections before the trial court adopts the report does not bar the party from objecting to the court's judgment in a motion for new trial or on appeal). In doing so, we note an apparent discrepancy between the special master's recommendation that the trial court order a title search of the property and the final order of dismissal, from which it is not clear if such a title search was ordered. So whether the recommended title search is necessary will be an issue before the trial court on remand.

3. *Appointment of special master*

Mt. Patmos challenges the superior court order appointing the special master based on alleged failures to comply with Rule 46 notice and affidavit requirements before the appointment. See Rule 46 (B) (1) & (3). But even if the "trial court's [alleged] failure[s] . . . violated [Rule] 46[, Mt. Patmos has] not demonstrated that [it] objected to the order appointing the special master. Thus, we cannot consider the . . . challenge to the appointment of the special master." *Standard Bldg. Co. v. Schofield Interior Contractors*, 315 Ga. App. 516, 520 (3) (726 SE2d 760) (2012) (footnotes omitted) (holding that even though the trial court violated Rule 46 (B) (1) by failing to provide notice before appointing a special master, the appellants did not object to the appointment and thus could not challenge it for the first time on appeal).

*Judgment vacated and case remanded with direction. Hodges and Pipkin, JJ., concur.*