### S12Q2067. WELLS FARGO BANK, N.A. v. GORDON.
(749 SE2d 368)

BENHAM, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following questions to this Court:[1]

> 1. Whether a security deed that lacks the signature of an unofficial witness should be considered "duly filed, recorded, and indexed" as required by OCGA § 44-14-33, such that a subsequent hypothetical bona fide purchaser would have constructive notice when the deed incorporates the covenants, terms, and provisions of a rider that contains the attestations required by OCGA § 44-14-33 and said rider is filed, recorded, and indexed with the security deed?
> 2. If the answer to question one (1) is in the negative, whether such a situation would nonetheless put a subsequent hypothetical bona fide purchaser on inquiry notice?

For the reasons that follow below, we answer both certified questions in the negative.

The underlying facts are undisputed. In 2006, debtor Denise Codrington executed a security deed with appellant Wells Fargo that was recorded with the Clerk of the Superior Court of Fulton County on October 13, 2006. Paragraph 23 of the security deed provides: "[i]f one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into . . . this Security Instrument as if the rider(s) were a part of this Security Instrument." The security deed specifically identifies the "ARM Rider" as being incorporated therein. The last page of the eight-page security deed was signed by the debtor, the co-debtor (Alvina Codrington), and a notary, but the signature line for an "Unofficial Witness" was left blank. Contemporaneously recorded with the security deed were the following: "Exhibit A" containing a description of the property, the "Adjustable Rate Rider," the "Planned Unit Development Rider," and the "Waiver of Borrower's Rights"

---

[1] See *In re Codrington,* 691 F3d 1336 (11th Cir. 2012) (order certifying questions).

(hereinafter, "the waiver").[2] The waiver provided that "the provisions hereof are incorporated into and made a part of the security deed." The parties agree that the waiver was signed by the debtor, the co-debtor, an unofficial witness, and a notary.

In June 2008, the debtor filed for Chapter 7 bankruptcy. Appellee Neil C. Gordon, who is the Trustee for the debtor's bankruptcy estate, commenced an adversary proceeding against Wells Fargo seeking to avoid Wells Fargo's interest in the property pursuant to 11 USC § 544. Appellee asserted that because the security deed lacked the signature of an unofficial witness, it was not duly recorded and it did not provide constructive notice to a subsequent bona fide purchaser, rendering the security deed avoidable per 11 USC § 544. Wells Fargo moved for summary judgment, the bankruptcy court denied the motion, and the bankruptcy court entered judgment in favor of appellee. *In re Codrington,* 430 BR 287 (N.D. Ga. 2009). The district court affirmed the decisions of the bankruptcy court. *In re Codrington,* Civ. Action No. 1:10-CV-187-ODE (N.D. Ga. Aug. 11, 2011). Wells Fargo appealed to the Eleventh Circuit Court of Appeals which certified the above questions to this Court at the Trustee's request. We address each certified question in turn.

1. In order for a security deed to be in recordable form, it must be attested by an official witness and an unofficial witness. OCGA §§ 44-14-61 and 44-14-33. Specifically, OCGA § 44-14-33 provides that a security deed "must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a [security deed] must also be attested or acknowledged by one additional witness." This Court has recently held that "a security deed is 'duly filed, recorded, and indexed' only if the clerk responsible for recording determines, from the face of the document, that it is in the proper form for recording, meaning that it is attested or acknowledged by a proper officer and (in the case of real property) an additional witness." *U. S. Bank N.A. v. Gordon,* 289 Ga. 12, 15 (709 SE2d 258) (2011). A deed that is not properly attested is ineligible for recording. Id. The recording of a properly attested security deed serves as constructive notice to all subsequent bona fide purchasers. OCGA § 44-14-33. In this case, because the eight-page security deed lacked the signature of an unofficial witness, it was not in recordable form as required by OCGA § 44-14-33 and did not provide constructive notice. See *U. S. Bank N.A. v. Gordon,* supra, 289 Ga. at 15; *Higdon v. Gates,* 238 Ga.

---

[2] The page containing the waiver also contained a "Closing Attorney's Affidavit" and a "Foreclosure Closing Disclosure."

105, 107 (231 SE2d 345) (1976). See also *In re Yearwood*, 318 BR 227, 229 (M.D. Ga. 2004) (a patently defective security deed does not provide constructive notice).

Despite the facial defect in the security deed at issue, Wells Fargo urges that because the waiver was attested in accordance with OCGA § 44-14-33 and because the waiver was incorporated into the security deed by reference, the security deed was thereby properly attested and in recordable form. We disagree. While we are not bound by the United States bankruptcy courts' interpretations of Georgia law, we nevertheless find *In re Fleeman*, 81 BR 160 (M.D. Ga. 1987), to be analogous to this case and persuasive to our resolution of the question before us. In *Fleeman*, the debtor executed a security deed and an adjustable rate rider. While the rider contained the signature of an unofficial witness, the security deed did not. As with the instant case, the deed and the rider were contemporaneously submitted to the superior court for recording. After the debtor filed for bankruptcy, the unofficial witness issued and recorded with the superior court an affidavit stating that she had witnessed the debtor sign the security deed. One of the arguments advanced by the lender was that the attached and fully attested rider was sufficient to validate the security deed, in particular because the security deed incorporated the covenants and agreements of the rider. Id. at 162-163. The United States Bankruptcy Court for the Middle District of Georgia rejected this argument reasoning as follows:

> By attesting a document, an individual signifies that he has witnessed the execution of the particular document. *Black's Law Dictionary* 117 (5th ed. 1979) (citations omitted). Thus the signature of [the unofficial witness], which appears on the adjustable rate rider, attests to the proper execution of that document only. Although the adjustable rate rider is incorporated into the terms of the deed to secure debt, the deed to secure debt itself remains improperly attested and ineligible for recordation.

Id. at 163.[3]

We agree with the above analysis. As in *Fleeman*, the attestation of the waiver in this case cannot be substituted for the proper attestation of the security deed. Such a construct would be false and

---

[3] The bankruptcy court also determined that the affidavit of the unofficial witness was void because it was recorded after the bankruptcy petition had been filed in violation of 11 USC § 362 (a) (5). Id.

contrary to the purpose of attestation, namely for the witness to verify that the document in question has been executed by the signatories. Allowing a more lenient rule as Wells Fargo urges would likely lead to more complications than it would resolve for lenders, debtors, and subsequent purchasers alike. As we admonished in *U. S. Bank N.A. v. Gordon,* supra, 289 Ga. at 17, it costs nothing for lenders or their agents to review their paperwork to make sure the proper signatures are in place before submitting documents to the superior court clerk for recording. Accordingly, we answer the first certified question in the negative.

2. Having answered the first certified question in the negative, we now address the second certified question. Wells Fargo argues that the fully executed, attested, and recorded waiver in and of itself was sufficient to provide "inquiry notice"[4] such that a bona fide purchaser would be prompted to make inquiries as to the existence of a security deed in the property's chain of title. We disagree. The rule regarding inquiry notice is summarized as follows:

> [A] purchaser of land in this state "is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed." [Cits.] . . . Although "it is essential that the description of the land in the conveyance should be reasonably certain and sufficient to enable subsequent purchasers to identify the premises intended to be conveyed; but while the description may be inaccurate, meager or erroneous, yet if it is expressed in such a manner or connected with such attendant circumstances as that a purchaser should be deemed to be put upon inquiry, if he fails to prosecute this inquiry he is chargeable with all the notice he might have obtained had he done so." [Cit.]

*Deljoo v. SunTrust Mortgage,* 284 Ga. 438, 439-440 (668 SE2d 245) (2008). When, however, a property description is "manifestly too meager, imperfect, or uncertain to serve as adequate means of identification," a court may adjudge it "insufficient as a matter of law" for a subsequent purchaser to be put upon inquiry. Id. at 440. In this case, while the waiver identifies the lender and grantors (debtor and co-debtor), it only generically references a security deed and fails to

---

[4] See OCGA § 23-1-17, which defines "inquiry notice" as follows: "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."

identify or describe the property purportedly to be conveyed or encumbered by the referenced security deed. In the total absence of identification or description of the property subject to the security deed, the waiver itself would not place a bona fide purchaser on notice that he should make further inquiry. Accordingly, we answer the second certified question in the negative.

*Certified questions answered. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*Smith, Gambrell & Russell, Edward D. Burch, Jr., Edward H. Wasmuth, Jr.,* for appellant.
*Arnall, Golden & Gregory, Neil C. Gordon, Michael F. Holbein,* for appellee.