[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14331

_____

D.C. Docket Nos. 1:10-cv-00187-ODE; 08-BKC-06612-JEM

In Re:

DENISE CODRINGTON,

Debtor.

_____

WELLS FARGO BANK, N.A.,

Plaintiff - Appellant,

versus

NEIL C. GORDON,
Chapter 7 Trustee for the Estate
of Denise Codrington,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 22, 2013)

Before TJOFLAT and PRYOR, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

This case returns to us after we certified two questions to the Supreme Court of Georgia. Both involved the boundaries of the attestation requirement of O.C.G.A. § 44-13-33. The reader is referred to our previous certification opinion, Wells Fargo Bank, N.A. v. Gordon, 691 F.3d 1336 (11th Cir. 2012).

The Georgia Supreme Court, in an opinion dated February 18, 2013, answered the certified questions. See Wells Fargo Bank, N.A. v. Gordon, 292 Ga. 474, ___ S.E.2d ___ (Ga. Feb. 18, 2013). The court held that a security deed that was not acknowledged and signed by an unofficial witness was not "duly filed, recorded, and indexed" and did not provide constructive notice to all subsequent bona fide purchasers, regardless of the fact that an attached waiver was attested to by witnesses. The court further held that the attested waiver was insufficient to provide "inquiry notice" to subsequent bona fide purchasers of the existence of the unattested security deed.

Accordingly, the judgment of the District Court is

AFFIRMED.

---

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

2