[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13239
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03230-HTW
Bkcy No. 06-bkc-75213-CRM


In Re: BRYAN SCOTT BENNETT,

Debtor,

_____

NATIONAL CITY MORTGAGE,

Plaintiff - Appellant,

versus

NEIL C. GORDON,
Chapter 7 Trustee for the Estate of Bryan Scott Bennett,

Defendant - Appellee.


_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(May 29, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Bryan Scott Bennett gave National City Mortgage Company a security deed on the property at 325 Shelley Lane, Locust Grove, Henry County, Georgia to secure a loan.  The deed was recorded with the Clerk of the Superior Court of Henry County on October 15, 2001, but while the attestation page of the security deed contained the signature of "an officer," it did not contain the signature of "one additional witness," as required by Georgia Code § 44-14-33.  Five years later, Bennett declared bankruptcy.  The Trustee contends that it can avoid the lien on the Locust Grove property because the security deed was not properly recorded due to the missing signature.  The bankruptcy court granted the Trustee summary judgment on that issue, and the district court affirmed.  National City appeals, arguing that the signature of one additional witness on the "waiver of borrower's rights," which was attached to, filed with, and incorporated by reference[1] into the security deed, cures the filing defect in the security deed.

This case is controlled by the Georgia Supreme Court's answer to our certified questions in Wells Fargo Bank, N.A. v. Gordon, – S.E.2d –, 292 Ga. 474 (Ga. 2013).  In that case, the Court held that a deed's incorporation of a rider that

---

[1] The district court held that the waiver was not incorporated into the security deed because the deed incorporated all "riders" but the waiver was not a rider.  We do not address that argument because even if the waiver was properly incorporated, it does not cure the deed's filing defect.

2

contained the attestations required by Georgia Code § 44-14-33 did not cure the deed's lack of the additional witness's signature. 292 Ga. at 477. Therefore, National City's contention that the security deed in this case was properly filed is incorrect.

National City also contends that the recordation of the waiver provides inquiry notice of the rest of the security deed. That argument is foreclosed by Wells Fargo. The Court held that the attested rider in Wells Fargo did not put a bona fide purchaser on inquiry notice. Id. at 478. The Court explained: "In this case, while the waiver identifies the lender and grantors . . . , it only generically references a security deed and fails to identify or describe the property purportedly to be conveyed or encumbered by the referenced security deed. In the total absence of identification or description of the property subject to the security deed, the waiver itself would not place a bona fide purchaser on notice that he should make further inquiry." 292 Ga. at 477–78.

The only question that remains for us to decide, then, is whether the waiver in this case contains a sufficient description of the property encumbered by the security deed. The waiver identifies the borrower, the lender, and the loan amount and states that the loan is "secured by property located in land lot(s) 101, 2nd district, Henry County, Georgia." According to an assertion in the Trustee's brief, which National City has not disputed, land lot 101 in the 2nd District does not

3

identify just one address; it encompasses parts of at least three neighborhoods. Accordingly, the description is "manifestly too meager, imperfect, or uncertain to serve as adequate means of identification" and therefore does not provide inquiry notice of the security deed.  See id. at 477.

**AFFIRMED**.