In re Ana Leguen KNIGHT, Debtor.

Neil C. Gordon, Plaintiff,

v.

Wells Fargo Bank, N.A., As Successor to World Savings Bank, FSB, Defendant.

Bankruptcy No. 10–89690–WLH.
Adversary No. 12–5465–WLH.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 14, 2014.

Jonathan H. Azoff, Michael F. Holbein, Arnall Golden Gregory LLP, Atlanta, GA, for Plaintiff.

Edward D. Burch, Smith, Gambrell & Russell, LLP, Atlanta, GA, for Defendant.

### ORDER

WENDY L. HAGENAU, Bankruptcy Judge.

This Adversary Proceeding is before the Court on cross-motions for summary judgment from the Plaintiff and Defendant, both of which address the adequacy of the attestation of a security deed [Doc. Nos. 4 & 13]. Specifically, the parties dispute whether the deed contains the requisite signature of an unofficial witness (the parties agreeing the requisite official signatures are on the security deed). The Court holds it does not, the defect in the deed is patent and, under Georgia law, the deed does not provide constructive notice to a bona fide purchaser. Therefore, the Trustee's Motion for Summary Judgment as to the enforceability of the Wells Fargo Bank ("Wells Fargo") security deed on Debtor's interest in the real property is granted and Wells Fargo's Motion for Summary Judgment is denied. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

### FACTS

While the facts in this case are undisputed, the parties dispute the inferences drawn from those facts. On February 22, 2007, Debtor and her ex-spouse, Owen Knight ("Mr. Knight") executed a security deed for real property located at 1433 Kentmire Court, Locust Grove, GA 30248 (the "Property") in favor of World Savings

Bank, FSB (the "Security Deed"). [Doc. No. 1, pgs. 8–34] The Security Deed was recorded in the Henry County Superior Court on March 5, 2007. Mr. Knight's signature appears on page 17 of the Security Deed which is page 251 of Henry County Deed Book # 010024 (the "Deed Book"), along with that of "Derek Anderson", who signed the Security Deed as both the notary public and the unofficial witness for Mr. Knight. Mr. Anderson's notary seal accompanies one of his signatures.

Though not liable for the loan, the Debtor, as co-owner of the Property, joined in the Security Deed with her signature on a separate page identified for "Borrower(s) Spouse(s)". This page appears on page 252 of the Deed Book. On the next page, Deed Book page 253, there is a notary acknowledgement that states that Mr. Knight and Debtor acknowledged to Mr. Anderson that they executed the "instrument". Mr. Anderson's signature appears below this statement, along with his notary seal and a statement that Mr. Knight and Debtor's signatures were made before Mr. Anderson in Broward County, Florida.

Filed as exhibits to the Security Deed in the Deed Book are the Waiver of Borrower's Rights on page 256, the signature page for the Waiver of Borrower's Rights with the signatures of Mr. Knight and Mr. Anderson on page 257, and an additional signature page for the Waiver of Borrower's Rights with the signatures of Mr. Knight, Mr. Anderson and "David R. Yood" on page 258. The Closing Attorney's Affidavit (the "Affidavit") is filed on page 259, and states, in pertinent part, "After said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights." This page bears Mr. Yood's signature as the closing attorney, along with "Deborah Beasley", whose name appears

as the Cobb County, Georgia notary public that notarized the Affidavit. Page 260 contains another Borrower's Spouse signature page along with Debtor's signature. Finally, page 261 contains another Notary Acknowledgement that states Mr. Knight and the Debtor acknowledged to Mr. Anderson that they executed the "instrument". Below this statement appears Mr. Anderson's signature, along with his notary seal, and a statement that Mr. Knight and Debtor's signatures were made before Mr. Anderson in Broward County, Florida.

The Debtor filed a bankruptcy petition on October 4, 2010, and Neil Gordon was appointed as the Chapter 7 Trustee (the "Trustee"). On September 20, 2012, the Trustee filed this Complaint against Wells Fargo. In the Complaint, the Trustee seeks to avoid the security interest held by Wells Fargo on Debtor's interest in the Property under the Security Deed pursuant to 11 U.S.C. § 544. The Trustee seeks to recover the Security Deed itself or the value thereof under 11 U.S.C. § 550 and preserve the Security Deed for the benefit of unsecured creditors under 11 U.S.C. § 551.

On October 29, 2012, Wells Fargo filed its Motion for Summary Judgment. [Doc. No. 4] The parties consented to a stay of the proceedings in this case, pending a decision of the Georgia Supreme Court answering the certified questions of the Eleventh Circuit in *Wells Fargo Bank N.A. v. Gordon (In re Codrington)*, 691 F.3d 1336 (11th Cir.2012). On May 23, 2013, following the Georgia Supreme Court's decision in *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 749 S.E.2d 368 (2013), the Court entered a Consent Order setting deadlines for filing dispositive motions. The Trustee then filed its Cross–Motion for Summary Judgment on June 17, 2013. [Doc. No. 13]

## LEGAL CONCLUSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The substantive law [applicable to the case] will identify which facts are material". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 251–52, 106 S.Ct. at 2510, 2511–12. The party moving for summary judgment has "the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir.1991) (*citing Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553).

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed.R.Civ.P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir.1993). Lastly, when reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Hairston*, 9 F.3d at 918.

■ Under 11 U.S.C. § 544(a)(3), a bankruptcy trustee may avoid "any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." A bona fide purchaser, under Georgia law, is not subject to a security deed, even if recorded, that is patently defective. A security deed must be attested or acknowledged as provided by law in the manner set forth for mortgages under Georgia law. *See* O.C.G.A. §§ 44–2–14, 44–14–61. In order for a security deed to be "duly recorded", it must be attested or acknowledged by an "official witness" such as a judge of a court of record, a notary public, or a clerk or deputy clerk of a superior court or a city court, and it must also be attested or acknowledged by an additional "unofficial" witness. *See* O.C.G.A. §§ 44–2–15, 44–14–33.

■ The Georgia Supreme Court has clarified recently in cases involving this Trustee that a security deed with a patent defect, even though it may be recorded, does not provide constructive notice to a bona fide purchaser. *U.S. Bank, N.A. v. Gordon*, 289 Ga. 12, 709 S.E.2d 258 (2011). A patent defect is one that can be determined from the face of the document. *See Id.* at 13, 709 S.E.2d 258. A patent defect is one that is "obvious and easily detectable", while a latent defect "is not apparent on the face of the deed". *Gordon v. Wells Fargo Bank, N.A. (In re Codrington)*, 430 B.R. 287, 292 (Bankr.N.D.Ga.2009), *aff'd*, 716 F.3d 1344 (11th Cir.2013). The Georgia Supreme Court has relied on Lord Bacon's definition in stating that a latent defect "is that which seemeth certain and without ambiguity, for any thing that ap-

peareth upon the deed or instrument, but there is some collateral matter out of the deed that breedeth the ambiguity." *Walker v. Wells*, 25 Ga. 141, 142 (1858). If the document appears proper on its face, and only matters outside the document create the issue, the deficiency is latent, but if the issue is identifiable on the face of the document, it is patent.

■ Whether the Security Deed is patently defective is the ultimate question. The Trustee asserts that the Security Deed is patently defective because there is only one witness signature on the Security Deed, that of Mr. Anderson, the notary. Wells Fargo counters that the Security Deed has the requisite attestations in compliance with O.C.G.A. § 44–14–33 because Mr. Yood's signature on the Affidavit is an attestation and the Affidavit is "part and parcel" of the Security Deed. Wells Fargo further contends that even if Mr. Yood did not attest to the Debtor executing the Security Deed, he did attest to Mr. Knight executing it, and therefore the Security Deed is in recordable form as to Mr. Knight, providing inquiry notice as to the contents of the Security Deed, including its execution by the Debtor.

### Sufficiency of Signatures as Attestations

■ The Court does not agree with Wells Fargo's assertions. First, Mr. Yood's signatures on the Waiver and Affidavit are not an attestation. "Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact." *Gilliam v. Burgess*, 169 Ga. 705, 707, 151 S.E. 652, 653 (1930). The purpose of the attestation is for the witness to verify the document has been executed by the signatories.

> By attesting a document, an individual signifies that he has witnessed the execution of the particular document. Black's Law Dictionary 117 (5th ed.

1979) (citations omitted). Thus the signature of [the unofficial witness], which appears on the adjustable rate rider, attests to the proper execution of that document only. Although the adjustable rate rider is incorporated into the terms of the deed to secure debt, the deed to secure debt itself remains improperly attested and ineligible for recordation. *Wells Fargo Bank, N.A. v. Gordon,* 292 Ga. 474, 749 S.E.2d at 370 (*quoting Stone v. Decatur Fed. Sav. & Loan Ass'n (In re Fleeman),* 81 B.R. 160, 163 (Bankr. M.D.Ga.1987)). Although the provisions of a rider or attached document may be incorporated into a security deed, the signatures attesting to execution of the rider or attached document do not suffice as an attestation of the Security Deed itself unless the language clearly states as such.

■ Wells Fargo asserts that the language in the Affidavit "states that the closing attorney saw the actual execution of the document, and it provides the closing attorney's signature as witness to that fact." [Doc. No. 4–1, pg. 11] This is incorrect. Nowhere in the Affidavit does it state that the closing attorney "saw the actual execution" of the Security Deed. What the Affidavit does state is that "Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights.'" This is not an attestation. Attestation is not the act of subscribing one's name as a witness to the fact that a given paper was executed, but is instead the act of subscribing one's name as a witness to the fact that one *witnessed* the execution of a paper. Thus, the language of the Affidavit does not make it clear that Mr. Yood attested to Mr. Knight's or the Debtor's execution of the *Security Deed.*

Further, the Affidavit only addresses the actions of the "Borrower(s)". The Affidavit never addresses whether the Debtor, who was not a borrower under the

Security Deed, executed the Security Deed. Thus, Mr. Yood's signature could never be an attestation as to Debtor's execution of the Security Deed.

Wells Fargo's arguments rely in part on *Gordon v. Terrace Mortg. Co. (In re Kim)*, 571 F.3d 1342 (11th Cir.2009), where the Eleventh Circuit held that certain language in an affidavit testified to the execution and attestation of the security deed. In *Terrace*, a security deed was signed by the debtor, an unofficial witness, and by the closing attorney who was indicated as being a notary public, but the attorney's attestation failed to include a notary seal. The Trustee argued that the security deed was patently defective because it lacked an official witness due to the failure to include a notary seal on the attestation page. The security deed incorporated a waiver of borrower's rights rider that appeared on the same page as the closing attorney's affidavit. The affidavit was substantially similar to the Affidavit in this case, and included identical language that "Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights.'" The affidavit included the attorney's signature, the signature of a separate notary public, and the notary's seal. In ruling, the court relied on O.C.G.A. § 44–2–18.

O.C.G.A. § 44–2–18 is a remedial provision that states:

> If a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44–2–15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in Code Section 44–2–15 and *shall testify to the execution of the deed and its attestation* according to law. A *substantial compliance* with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud.

*Terrace*, 571 F.3d at 1345 (quoting O.C.G.A. § 44–2–18). The Eleventh Circuit held that the affidavit, which was incorporated as a whole into the security deed, substantially complied with the requirements of § 44–12–18 in that the affidavit testified to both the execution of the security deed and its attestation, and thus the *affidavit cured* the defect caused by the absence of the notary seal on the security deed's attestation page.

The Affidavit that Mr. Yood signed states in part, "[a]fter said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights.'" While this language is nearly identical to the language in the *Terrace* affidavit, there are sufficient factual differences such that *Terrace* is inapplicable as to the Affidavit here. First, *Terrace* dealt only with a statute that permitted a cure if the *official* signature was missing. There is no similar cure statute if an *unofficial* signature is missing. Second, the question before the *Terrace* Court was whether the attorney affidavit satisfied the cure provision of O.C.G.A. § 44–2–18 permitting a separate affidavit of a subscribing witness to cure an omission in the official witness signature. The court held that the attorney's affidavit substantially complied with the requirement for a subscribing witness affidavit. The court did *not* rule that the attorney affidavit was an attestation of the deed itself. Third, unlike in *Terrace* where the closing attorney signed both the security deed and the affidavit, Mr. Yood did not sign the Security Deed himself such that there is no chain of signatures between the documents indicating that Mr. Yood was present throughout the closing process. The fact that Mr. Yood's signature is notarized in Georgia suggests he was not present when the Debtor and her husband signed the Security Deed in Florida. Fourth, the cure

statute for official signatures only required "substantial compliance". The *Terrace* Court specifically stated *"[a]t a minimum, we conclude that the Affidavit substantially complies with the requirements of § 44–2–18."* (emphasis added).

As mentioned above, there is a serious question as to whether Mr. Yood was present for the execution of the Security Deed. The Affidavit is notarized by Deborah Beasley, a *Georgia* Notary Public, while Derek Anderson, a *Florida* Notary Public, notarized the Security Deed (which Mr. Yood did not sign). In Georgia and Florida, notaries public may only notarize documents that are presented to them within the state where the notary holds their appointment.[1] It is illogical for a security deed to be executed contemporaneously in both Georgia and Florida, which is the only way both Mr. Anderson and Ms. Beasley could have together notarized this Security Deed and its attached documents. The Court notes also Debtor's signature is notarized in Florida on February 22, 2007, while Mr. Yood's signature is notarized in Atlanta without a noted date. The Court accordingly concludes that the Affidavit does not speak to Mr. Yood *having witnessed* the Debtor and Mr. Knight execute the Security Deed, only that Mr. Knight as the borrower executed the Security Deed at some point prior to Mr. Yood affixing his signature.

The execution of the Waiver and the alleged presence of Mr. Yood at the execution of the Waiver are also not attestations of the Security Deed. The Waiver appears on page 256 of the Deed Book [Doc. No. 1, pg. 26]. Two signature pages appear on pages 257 and 258 [Doc. No. 1, pgs. 27 & 28]. The signature pages are completely identical, but for the addition of Mr. Yood's signature on page 258. Mr. Knight's signature and Mr. Anderson's signature and seal all appear on both signatures pages. Since Mr. Yood signed the document in Georgia while Mr. Knight and Mr. Anderson signed in Florida, it is unlikely Mr. Yood witnessed any signatures.

The Court concludes Mr. Yood's signatures on the Affidavit and Waiver are not attestations of either the Debtor's or Mr. Knight's signatures on the Security Deed, such that the recording of the Security Deed did not provide constructive or inquiry notice to a bona fide purchaser.

### Incorporation of Attestations

■ Even if Mr. Yood's signatures on the Waiver and Affidavit could be construed as attestations of the Security Deed, neither signature is part of the Security Deed. As the Supreme Court held in *Wells Fargo Bank v. Gordon* in answering the certified questions, "the attestation of the waiver [of borrower's rights] cannot be substituted for the proper attestation of the security deed." 749 S.E.2d at 370. The Court is also not persuaded that the Affidavit has been incorporated into the Security Deed. The Affidavit is located on a separate page and is separately signed. Further, paragraph 34 of the Security Deed states, "[i]f one or more riders *are executed by Borrower* and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument." (emphasis added). The Court notes that neither Mr. Knight nor the Debtor executed the Affidavit, meaning the Affidavit fails to meet the incorporation requirements set out in paragraph

---

**1.** *See* F.S.A. § 117.01 and O.C.G.A. § 9–10–113, which limits the effectiveness of a notarization to those made within the state where the notary holds their appointment.

34 and the Affidavit itself includes no incorporation language.

There are also issues with incorporating the Affidavit because of the order of the documents in the Deed Book. The Affidavit follows Mr. Knight's signature, but precedes Debtor's spousal waiver. Thus, the position of the documents in the Deed Book does not support Wells Fargo's construction that the Affidavit is incorporated.

Despite the precedent established in *Wells Fargo Bank v. Gordon,* Wells Fargo raises *Terrace,* 571 F.3d 1342, to argue that the Waiver and/or the Affidavit are incorporable into the Security Deed. While Wells Fargo in this case argues that under the *Terrace* ruling the signatures in the Waiver and Affidavit are incorporated into the Security Deed to satisfy the missing attestation, this is not correct. As noted previously, the Eleventh Circuit held that the affidavit *cured* the defect caused by the absence of the notary seal on the security deed's attestation page, and the attestation was not substituted into the security deed. The Georgia Supreme Court has subsequently ruled that with respect to *unofficial* signatures, separate documents such as the Waiver and Affidavit in this care are insufficient.

Accordingly, the Security Deed was not duly recorded, is not in recordable form and does not provide constructive notice to a bona fide purchaser. The Trustee is entitled to avoid the Security Deed pursuant to 11 U.S.C. § 544.

### CONCLUSION

The Trustee's Motion for Summary Judgment on avoidance of Wells Fargo's Security Deed on Debtor's interest in the Property under 11 U.S.C. § 544 is GRANTED, and the Trustee is authorized to recover the deed or the value thereof from Wells Fargo for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

**IT IS ORDERED.**