In re Tami Felicia BLACKMON,
Debtor.

Neil C. Gordon, Trustee, Plaintiff,

v.

OneWest Bank FSB, Defendant.

Bankruptcy No. 09–64693–MHM.
Adversary No. 09–6701.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Signed March 28, 2014.

Neil C. Gordon, Michael F. Holbein, Arnall Golden Gregory LLP, Atlanta, GA, for Plaintiff.

Edward D. Burch, Smith, Gambrell & Russell, LLP, Atlanta, GA, for Defendant.

**ORDER ON COMPETING MOTIONS FOR SUMMARY JUDGMENT**

MARGARET H. MURPHY,
Bankruptcy Judge.

This adversary proceeding is before the Court on competing motions for summary judgment. Plaintiff, the Chapter 7 Trustee ("Trustee"), filed a complaint November 17, 2009, seeking a determination that Defendant holds a security interest which has not been validly perfected under state law and therefore may be avoided pursuant to Trustee's "strong arm" powers under 11 U.S.C. § 544. Determination of this case was deferred by stay September 26, 2012 pending resolution of a similar case at the Eleventh Circuit. The Eleventh Circuit certified two questions to the Supreme Court of Georgia in *In re Codrington*, 691 F.3d 1336 (11th Cir.2012). The Supreme Court of Georgia issued its decision February 18, 2013. *See Wells Fargo Bank, N.A. v. Gordon (In re Codrington)*, 292 Ga. 474, 749 S.E.2d 368 (2013). Pursuant to the Georgia Supreme Court ruling, the Eleventh Circuit issued an order May 22, 2013, affirming the judgment of the District Court. *See In re Codrington*, 716 F.3d 1344 (11th Cir.2013). The Court lifted the stay November 8, 2013, and parties were given deadlines to file supplemental briefs and responses.

The parties in this case dispute whether the security deed contains the requisite signature of an unofficial witness. As it does not, the Trustee's *Motion for Summary Judgment* as to the enforceability of OneWest Bank FSB's ("OneWest") security deed on Debtor's interest in the real property will be granted and OneWest's *Motion for Summary Judgment* denied.

**I. BACKGROUND**

Debtor executed a security deed (the "Security Deed") October 3, 2005, granting Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac Bank, FSB, title to her undivided one-half interest in real property at 3892 East Saddleridge Drive, Lithonia, DeKalb County, Georgia 30038 (the "Property") to secure an indebtedness of $285,000. OneWest claims a security interest in the Property pursuant to the Security Deed. The Security Deed and several riders were recorded November 14, 2005, with the Clerk of the

Superior Court of DeKalb County, Georgia, at Deed Book 18112, pages 461–474. A legal description of the Property, an "Adjustable Rate Rider," a "Georgia Rider to the Security Deed" (the "Georgia Rider"), a "Waiver of Borrower's Rights" (the "Waiver"), a "Closing Attorney's Affidavit" (the "First Affidavit"), a "Foreclosure Closing Disclosure" (the "Disclosure"), and a "Closing Attorney's Affidavit" (the "Second Affidavit") were similarly recorded at Deed Book 18112, pages 475–483. The Waiver, the First Affidavit and the Disclosure all appear on the same page.

The first page of the Security Deed defines "Security Instrument" as "this document, which is dated October 3, 2005, together with all Riders to this document." The signature page of the Security Deed contains the signatures of Debtor, another borrower, and a notary public, and states that "Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it." The Security Deed defines "Riders" as "all Riders to this Security Instrument that are executed by Borrower." The Waiver states that, "By execution of this paragraph, Grantor expressly: ... (5) agrees that the provisions hereof are incorporated into and made a part of the security deed."[1] Debtor's signature appears on the Waiver. The First Affidavit states, in relevant part, "After ... review with and explanation to Borrower, Borrower executed the Deed to Secure Debt and 'Waiver of Borrower's Rights.'" The First Affidavit is signed by the closing attorney and his signature is attested by a notary public. The Second Affidavit contains identical language, and is signed by the closing attorney and a different notary public.

## II.  CONCLUSIONS OF LAW

Pursuant to FRCP 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Only disputes of fact which might affect the outcome of the proceeding will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Trustee seeks a ruling that the Security Deed is patently defective because it is not attested by an unofficial witness and, therefore, Trustee may avoid the Security Deed pursuant to his "strong arm" powers under 11 U.S.C. § 544. OneWest seeks a ruling that the closing attorney's execution of one or both of the Affidavits serves as an attestation of the Security Deed by an unofficial witness and, therefore, the Security Deed is not defective.

▇ Section 544 vests a trustee with the power to avoid any obligation of a debtor or transfer of property by a debtor that is voidable by a lien creditor or a bona fide purchaser who has perfected a transfer at the time of the bankruptcy petition. Thus, to avoid the Security Deed, Trustee must show that a bona fide purchaser would not be charged with constructive notice of the prior deed. *See Gordon v. Terrace Mortgage Co. (In re Kim)*, 571 F.3d 1342, 1344–45 (11th Cir.2009). A duly-filed, recorded, and indexed security deed provides constructive notice to subse-

---

1. The Waiver is a duplication of the substance of the preceding Georgia Rider, in which the borrower avers that she waives certain rights, has read and understands the Security Deed, and has been given an opportunity to consult with counsel. The Affidavits, in turn, are averments of the closing attorney that he has explained the documents to the borrower. Each document seems to serve the duplicative purpose of waiving Debtor's possible or arguable Constitutional rights to a judicial foreclosure.

quent bona fide purchasers; however, the recordation of a security deed which has not been properly attested does not provide constructive notice. *U.S. Bank Nat'l Ass'n v. Gordon,* 289 Ga. 12, 709 S.E.2d 258 (2011). Proper attestation requires that the document is attested or acknowledged by two witnesses: an official witness[2] and one additional witness. *See* O.C.G.A. §§ 44–2–15 and 44–14–33. "Attestation is the act of witnessing the actual execution of a paper, and subscribing one's name as a witness to that fact." *Gilliam v. Burgess,* 169 Ga. 705, 707, 151 S.E. 652 (1930).

## III. DISCUSSION

At issue in this case is whether the First Affidavit or Second Affidavit (together, the "Affidavits") may serve as an attestation under O.C.G.A. § 44–14–33 or otherwise cure the defect in the attestation of the Security Deed.

OneWest argues that, under the reasoning in *Gordon v. Terrace Mortgage Company (In re Kim),* 571 F.3d 1342 (11th Cir.2009), they can. In *Terrace Mortgage,* the 11th Circuit concluded that, where a security deed lacked the attestation of an official witness, an affidavit substantially similar to the First Affidavit testified to both the execution and attestation of the security deed in substantial compliance with the requirements of O.C.G.A. § 44–2–18. *Id.* at 1346. Trustee contends that, unlike the affidavit in *Terrace Mortgage,* the Affidavits are not incorporated into the Security Deed and, even if they were incorporated, the Affidavits do not serve as an attestation to the Security Deed. *Codrington* supports Trustee's contention.

### A. INCORPORATION

■ Trustee first argues that, because the Affidavits are not executed by the borrowers, the Affidavits are not "Riders" as defined by the Security Deed. Trustee further notes that the Affidavits are not referenced in the Security Deed, nor do the Affidavits reference their incorporation into the Security Deed. Therefore, Trustee contends, the Affidavits are not incorporated into the Security Deed at all.

In *Terrace Mortgage,* the court noted that "the document that contains the Affidavit was incorporated into the Security Deed by specific language in the Waiver of Borrower's Rights Rider that appears on the same page as the affidavit." 571 F.3d at 1346. The court considered the page containing both an affidavit and a waiver of borrower's rights to be a single document that was incorporated into the Security Deed as a whole. The First Affidavit appears on a page beneath the Waiver, which has identical incorporation language to the waiver in *Terrace Mortgage,* and above the Disclosure, another paragraph executed by Debtor and thereby incorporated as a Rider to the Security Deed. Further, as in *Terrace Mortgage,* the Affidavits are recorded with the Security Deed in the deed book. Thus, just as in *Terrace Mortgage,* OneWest contends the First Affidavit in this case was incorporated into the Security Deed.

OneWest's argument that the Second Affidavit is incorporated into the Security Deed is unpersuasive. The Second Affidavit is located on a separate page and is separately signed and notarized by a *different* notary public than the notary public witnessing the Waiver. The definitions portion of the Security Deed defines "Security Instrument" as the document at hand "together with all Riders to [the] document" and "Rider" as "all Riders to the Security Instrument that are *executed by borrower*" and designates certain documents as

---

**2.** Notaries public, *inter alia,* are proper official witnesses. O.C.G.A. § 44–2–15.

Riders. The Second Affidavit is not designated on this list, nor is it executed by Debtor, and thus, it fails to meet the incorporation requirement set out in the Security Deed.

## B. ATTESTATION

■ The Supreme Court of Georgia was faced with a similar situation in *Wells Fargo Bank, N.A. v. Gordon (In re Codrington)*, 292 Ga. 474, 749 S.E.2d 368 (2013). There, the Court found that a security deed was not properly attested and in recordable form when the unofficial witness's signature on the actual security deed was missing but was present on a waiver [3] that was incorporated into the security deed by reference. *Id.* at 370. The attestation of the waiver in *Codrington* could not be substituted for the proper attestation of the security deed. *Id.* The Court there stated that "[s]uch a construct would be false and contrary to the purpose of attestation, namely for the witness to verify that the document in question has been executed by the signatories." *Id.* Though the waiver in that case included both a closing attorney's affidavit and a foreclosure closing disclosure, as here, the *Codrington* Court did not specifically analyze whether attestation on the closing attorney's affidavit amounts to attestation of the security deed.

In reading a nearly identical closing attorney's affidavit to this case, the 11th Circuit in *Terrace* concluded, "The bankruptcy court was correct in concluding that the Affidavit testifies to the execution of the Security Deed as is evident from the clear language in the Affidavit." *Terrace Mortgage*, 571 F.3d at 1346. "By testifying to the execution of this particular Security Deed ... the closing attorney was in effect testifying that the Security Deed was executed by [the borrower] and witnessed by ... the closing attorney." *Id.* at 1347.

■ In the present case, the question is whether the clear holding of *Codrington* undermines *Terrace Mortgage*, and whether *Terrace Mortgage* would have been decided differently if rendered post-*Codrington*. State law governs the inquiry of a debtor's interest in "property or rights to property." *In re Haas*, 31 F.3d 1081, 1084 (11th Cir.1994) (citing *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958)); *see, also, Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Based on the Supreme Court of Georgia's reasoning in *In re Codrington*, the Affidavits, together or standing alone, are not sufficient to serve as attestation of the Security Deed. The *Codrington* court stated:

> By attesting a document, an individual signifies that he has witnessed the execution of the particular document. *Black's Law Dictionary* 117 (5th ed. 1979) (citations omitted). Thus the signature of [the unofficial witness], which appears on the adjustable rate rider, attests to the proper execution of that document only. Although the adjustable rate rider is incorporated into the terms of the deed to secure debt, the deed to secure debt itself remains improperly attested and ineligible for recordation.

---

**3.** The waiver also included a "Closing Attorney's Affidavit" on the same page nearly identical to the one in this case.

*In re Codrington,* 292 Ga. at 476, 749 S.E.2d at 370 (quoting *In re Fleeman,* 81 B.R. 160, 163 (Bankr.M.D.Ga.1987)).

OneWest, relying on *Terrace View,* advances the argument that "the closing attorney provides two separate attestations to the execution of the Security Deed by the Debtor" in the First affidavit and also the Second Affidavit (Doc. No. 19 at 7). The closing attorney's execution of the Affidavits shows only that he explained the documents to Debtor, and does not state that he witnessed Debtor's execution of the Security Deed.

The court in *In re Knight,* 504 B.R. 668 (Bankr.N.D.Ga.2014)(J. Hagenau), was faced with a strikingly similar case as this one, and differentiated *Terrace Mortgage* in three ways relevant here. First, the court addressed the fact that *Terrace Mortgage* "dealt only with a statute that permitted cure if the *official* signature was missing," whereas *Codrington, Knight,* and the present case involve missing unofficial signatures. *In re Knight,* 504 B.R. at 673; *Codrington,* 292 Ga. at 474–76, 749 S.E.2d 368. Second, while the *Knight* court did hold that "the attorney's affidavit substantially complied with the requirement for a subscribing witness affidavit . . . [it] did *not* rule that the attorney affidavit was an attestation of the deed itself." *Id.* (emphasis in original).

Third, the Knight court noted that in *Terrace Mortgage* the closing attorney signed both the Security Deed and affidavit himself, whereas in *Knight* and in this case the attorney signed only the affidavit; therefore, a clear chain of signatures may not be present through the closing process. *Id.* The *Knight* court ultimately found the signatures on the affidavit and waiver were not attestations of the debtor's signature on the security deed. *Id.* at 674.

In the present case, the signature of the closing attorney is present on both Affida-

vits, in which the attorney avers only that, after the attorney explained the provisions of the Security Deed to Debtor, Debtor executed the Security Deed. OneWest argues the 11th Circuit in *Terrace Mortgage* has previously concluded the Affidavit serves as testimony to the execution and attestation of the Security Deed. Trustee argues that the Affidavit served an entirely different purpose and does not show that the closing attorney *witnessed* Debtor signing the Security Deed. Trustee is correct. The closing attorney's Affidavits do not properly show that he witnessed Debtor's execution of the Security Deed. The closing attorney's Affidavits are merely an affirmation that his explanations preceded Debtor's execution, of which he might have been apprised secondhand.

The *Codrington* opinion could not be clearer, "it costs nothing for lenders or their agents to review their paperwork to make sure the proper signatures are in place before submitting documents to the superior court for recording." *In re Codrington,* 292 Ga. 474, 749 S.E.2d at 370 (citing *U.S. Bank N.A. v. Gordon,* 289 Ga. 12, 17, 709 S.E.2d 258, 262 (2011)). The unofficial witness's signature does not appear on the face of the Security Deed; clerks should be able to locate the unofficial witness's signature where indicated in the Security Deed, not in a document incorporated by various phrases in various places and documents appended to the Security Deed. The closing attorney failed to obtain the attestation of an unofficial witness and, indeed, had he witnessed Debtor executing the Security Deed, he easily could have affixed his signature in the proper place on the signature page of the Security Deed. He did not, and the extensive labyrinth of justifications by Wells Fargo, citing analogous statutes, contract law and situations belie the failure of the closing attorney to perform the simple,

singular legal task required: to obtain the attestation of an unofficial witness on the Security Deed. He did not sign as an unofficial witness, and no amount of *ex post facto* justifications avoid the clear result informed by *Codrington.*

Accordingly, the Security Deed was not duly recorded, is not in recordable form and does not provide constructive notice to a bona fide purchaser. The Trustee is entitled to avoid the Security Deed pursuant to 11 U.S.C. § 544.

### CONCLUSION

Therefore, Trustee's *Motion for Summary Judgment* on avoidance of OneWest's Security Deed on Debtor's interest in the Property under 11 U.S.C. § 544 shall be granted, and Trustee authorized to recover the deed or the value thereof from OneWest for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551. Accordingly, it is hereby

ORDERED that Trustee's Motion is *granted,* and OneWest's Motion is *denied.*

IT IS SO ORDERED.