[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15243

_____

D.C. Docket No. 1:18-cv-01485-WMR,

1:16-bkc-72067-PMB

In Re: BARBARA JEAN KRIEG,

Debtor.

_____

NEIL C. GORDON,
Chapter 7 Trustee for the Estate of Barbara Jean Krieg,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, National Association,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(March 10, 2020)

Before WILSON and GRANT, Circuit Judges, and MARTINEZ,[*] District Judge.

GRANT, Circuit Judge:

Neil Gordon—a Chapter 7 Trustee for the estate of debtor Barbara Krieg—seeks to use his powers under the bankruptcy code to avoid Wells Fargo's security interest in Krieg's real property. *See* 11 U.S.C. § 544(a)(3). The bankruptcy and district courts rejected his attempt and granted summary judgment to Wells Fargo. We affirm.

Gordon says that the security deed in favor of Wells Fargo was improperly recorded because it was attested by an unofficial witness and acknowledged before an officer. His argument turns on a single premise: that under the Georgia law in effect when Wells Fargo recorded its deed in 2012, security deeds in land were required to be attested by at least two witnesses. Not so. To record a security deed in real property, the deed (1) "must be attested by *or acknowledged* before an officer" and (2) "must also be attested *or acknowledged* by one additional witness." O.C.G.A. § 44-14-33 (2012) (amended 2015) (emphasis added); *id.* § 44-14-61 (2012) (amended 2015). In cases like these, where "the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. v. Kull*, 576 S.E.2d 880, 881 (Ga. 2003). The use

---

[*] Honorable Jose E. Martinez, District Judge for the United States District Court for the Southern District of Florida, sitting by designation.

2

of the word "or" in "attested or acknowledged" plainly contemplates these two acts as alternative methods of authenticating a security deed.

Even more importantly for our purposes, this common-sense reading of § 44-14-33 is reflected in not one, but two Supreme Court of Georgia opinions describing the pre-2015 recording requirements for security deeds in land.  *See U.S. Bank Nat'l Ass'n v. Gordon* ("*Gordon I*"), 709 S.E.2d 258 (Ga. 2011); *Wells Fargo Bank, N.A. v. Gordon* ("*Gordon II*"), 749 S.E.2d 368 (Ga. 2013).  In both cases, the court applied § 44-14-33 and "held that 'a security deed is duly filed, recorded, and indexed only if . . . it is *attested or acknowledged* by a proper officer and (in the case of real property) an additional witness.'"  *Gordon II*, 749 S.E.2d at 370 (quoting *Gordon I*, 709 S.E.2d at 261) (emphasis added and quotation marks omitted).  We decline to accept Gordon's invitation to certify the question before us so that the Supreme Court of Georgia—the final arbiter of Georgia law—may consider whether it wrongly decided Georgia law the first (and second) time he put this issue before it.

Nor will we dwell on Gordon's attempts to complicate this straightforward issue.  His citations to opinions going back to the 1800s that describe, in dicta, now-superseded recording statutes, and other opinions that do not squarely address the issue presented in this case, are simply not relevant.  And we are not persuaded by his attempts to overlay a statutory provision generally governing land deeds (which requires two attesting witness) onto the specific provision governing security deeds in land (which does not).  *Compare* O.C.G.A. § 44-5-30 (2012) (amended 2015) (land deeds), *with id.* § 44-14-33 (security deeds in real property).

3

The Supreme Court of Georgia has said that a specific statutory provision controls over a more general one, and that statutes "should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions." *Mayor of Savannah v. Savannah Elec. & Power Co.*, 54 S.E.2d 260, 265 (Ga. 1949); *Integon Indem. Corp. v. Canal Ins. Co.*, 353 S.E.2d 186, 188 (Ga. 1987). We honor those principles today.

The grant of summary judgment is **AFFIRMED**. The motion to certify a question of state law to the Georgia Supreme Court is **DENIED**.